# EXHIBIT A

Michael J. Reed SBN 122324
Attorney at Law
60 CreekTree Lane
Alamo, California 94507
Telephone: (925) 743-8353

Attorney for: Plaintiff SAVITA RAJ

**ENDORSED FILED**
**SAN MATEO COUNTY**

JAN 2 9 2018

Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

SAVITA RAJ

    Plaintiff,

    vs.

UNITED AIRLINES, INC. and DOES 1-50,

    Defendants.

Case No. **18CIV00439**

COMPLAINT FOR DAMAGES FOR
EMPLOYMENT DISCRIMINATION AND
HARASSMENT (VIOLATION OF FAIR
EMPLOYMENT AND HOUSING ACT); AND
REQUEST FOR JURY TRIAL

PLAINTIFF, SAVITA RAJALLEGES AS FOLLOWS:

## I

## INTRODUCTORY ALLEGATIONS

1.    Plaintiff, SAVITA RAJ (hereinafter "plaintiff") is a resident of the City of Alamo, California and was employed by Defendant UNITED AIRLINES, INC. at its business location located in San Mateo County, California until her termination on or about April 21, 2016. (Defendant UNITED AIRLINES, INC. will hereinafter be referred to for purposes of this complaint as "UNITED AIRLINES" or "Defendant"). Plaintiff is a female of Indian descent over the age of 40.

2.    The true names and/or capacities, whether individual, corporate or associate or otherwise, of a defendant named in this action as Does 1 through 50, inclusive are unknown to plaintiff at this time; therefore, plaintiff sues such defendants by said fictitious names, and plaintiff will amend this complaint to show their true names and capacities upon discovery of same. Plaintiff is informed and believes, and

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that, plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

3.    Plaintiff is informed and believes and thereon alleges that each of the defendants herein was, at all times relevant to this action, the agent, employer, employee, representing partner, joint venturer or successor in interest of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the defendants herein, gave consent to, ratified, and authorized the acts alleged herein of each of the remaining defendants.

4.    Plaintiff is informed and believes and thereon alleges that Defendants including UNITED AIRLINES are, and at all times herein mentioned in this complaint, were business entities form unknown, qualified to do business in the State of California, doing business in the State of California and as such were subject to the laws of the State of California.  At all times material to this complaint, Defendants including UNITED AIRLINES were business entities form unknown, doing business in the County of San Mateo. Plaintiff is informed and believes and thereon alleges that Defendants including UNITED AIRLINES were, and at times herein mentioned in this complaint, were plaintiff's employer and were responsible in some manner for the acts and occurrences herein alleged.

5.    Defendants including UNITED AIRLINES are "employers", employing five or more persons, and as such are subject to suit under the California Fair Employment and Housing Act pursuant to California Government Code Section 12926(d).

6.    Plaintiff is informed and believes and thereon alleges that this court is the proper court because the principal place of business of defendant UNITED AIRLINES is within its jurisdictional area and/or injury to plaintiff, SAVITA RAJ occurred within its jurisdictional area.

7.    Plaintiff commenced her employment with and was employed by defendant UNITED AIRLINES continuing through April 21, 2016.

8.    At all material times, DOES 1 – 50 and other various employees, whose identities are currently unknown, were supervisory employees of defendant UNITED AIRLINES  and plaintiff's supervisors and in doing the things hereinafter alleged said employees were acting as the agents of UNITED AIRLINES  and COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

were acting within the course and scope of that relationship.

## II

### FACTUAL ALLEGATIONS

9.     Plaintiff is informed and believes and thereon alleges that prior to being terminated by defendant UNITED AIRLINES, she was frequently assigned to perform and complete job responsibilities and tasks which her managers and supervisors knew were unrealistic, thereby creating a working environment for plaintiff which was designed with the intent of causing plaintiff to fail at her job responsibilities, and which did cause her to fail in the performance of her job responsibilities.

10.    Plaintiff is informed and believes and thereon alleges that prior to being terminated by defendant UNITED AIRLINES, she was treated unfairly from the time she commenced working for Defendant UNITED AIRLINES  at its business location located in San Mateo, California until her termination on or about April 21, 2016.

11.    Plaintiff is informed and believes and thereon alleges that this unfair, discriminatory and harassing actions, treatment, remarks and conduct made by Defendants' employees included but were not limited to the discriminatory and harassing actions and remarks and conduct alleged by plaintiff to have occurred during her employment at UNITED AIRLINES, as reflected in her DFEH Complaint of Discrimination.

12.    Plaintiff is informed and believes and thereon alleges that in her DFEH Complaint of Discrimination plaintiff substantively reported that;

"Complainant alleges:

1. Respondent United Air Lines is a Private Employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around April 21, 2016, complainant alleges that respondent took the following adverse actions against complainant: Discrimination, Harassment, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation, Denied reinstatement, Terminated. Complainant believes respondent committed these actions because of their: Age - 40 and over, Color, Disability, National Origin - Including language use

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

restrictions, Race, Sex - Gender.

13.    Plaintiff is informed and believes and thereon alleges that in her DFEH Complaint of Discrimination plaintiff substantively reported that;

"Complainant alleges:

      3. Complainant Savita Raj resides in the City of Alamo, State of California. If complaint includes co-respondents please see below.

Additional Complaint Details:

I believe that I was wrongfully terminated, discriminated against, harassed, retaliated against and denied an employment environment free from discrimination and harassment on the basis of my protected characteristics identified above. I further believe that I complained to my employer about my various disabilities and conditions affecting my ability to work and my employer failed to accommodate me and refused to engage me in a good faith interactive process to determine reasonable accommodation. I believe that I was subjected to a continual hostile work environment that pervaded my workplace and that I was terminated due to discrimination, harassment and retaliation. As a result I have suffered both economic and non-economic losses and damages, and I was denied reinstatement."

14.    Furthermore, plaintiff is informed and believes and thereon alleges that the following summaries best describes the discrimination, harassment and retaliation she experienced during the course of her employment with UNITED AIRLINES.

15.    During the course and scope of plaintiff's employment was under the care of Dr. Kevin Haggerty.

16.    On or about April 7, 2012, plaintiff received a 14G (which is a counseling for minor infractions.)

17.    On or about July 3, 2012, plaintiff received a Level 1.

18.    On or about September 20, 2012, plaintiff received a Level 2.

19.    On or about March 7, 2013, plaintiff received a Level 3.

20.    On or about February 4, 2014, plaintiff received a Proposed Level 4 Hearing.  A Level 4 was issued April 2014.

21.    On or about April 21, 2016, plaintiff was discharged from United Air Lines purportedly for dependability reasons..

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-4-

22.     Throughout the entire period of plaintiff's employment, plaintiff was under the care of Dr. Haggerty and two (2) other medical professionals.

23.     Throughout the entire period of plaintiff's employment, defendants had been advised of plaintiff's illness and disabilities and plaintiff had provided full disclosure regarding her illness and disabilities to defendants, and defendant was aware that plaintiff was treating for her various illness and disabilities.

24.     On or about March 13, 2016, plaintiff was harassed and sent home by Dwayne Hinchcliff, the Foreman on Dk. 7. This harassing action and conduct included but was not limited to the following actions and conduct. He came in at the second part of my overtime shift (worked sixteen hours, eight hours Dayshift and eight hours Swing shift eight hours)  Foreman Dwayne Hinchcliff from the beginning of my second shift initiated harassing actions including but not limited to:

a).     Inquiring to Lead Mechanic concerning plaintiff's payroll exception form.

b).     Inquiring to the Lead Mechanic about plaintiff's job assignment.

c).     Removing plaintiff's partner from the job assignment, who had worked with plaintiff for the first eight hour shift. (Normal procedure for working a sixteen hour day assigned mechanics stay on the job together until the job has been completed) The foreman assigned a new mechanic to work with plaintiff.

d).     Foreman sent the Lead several times to inquire about plaintiff's progress on the job. (This action is highly unusual).

e).     Foreman came on the plane several times during plaintiff's shift to inquire about the job progress. (This action is highly unusual)

f).     At the end of shift, plaintiff turned in her paperwork to the Lead. He collected paperwork from all the mechanics. Plaintiff had detailed all the information which plaintiff had accomplished on this particular job following proper procedure.

g).     At this time all mechanics have turned in their jobs, cleaned up the area and have left to allow the Leads to give the turnover to the next shift.

h).     Foreman Dwayne Hinchcliff came out of the planning office with Midnight Manager, Ed DeBono. He walked over to plaintiff and asked if the job was completed. This action was highly unusual, since

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-5-

normal procedure is to check with the Lead for status of all jobs and/or check paperwork in the planning office for status of those job.

i). The Foreman then told plaintiff that he wanted us to go up to the aircraft to take a visual look at the job himself.

j). With no other personnel on the aircraft or around them, the Foreman began to excessively scrutinize plaintiff's work. He asked plaintiff over and over if plaintiff was going to continue working. He asked plaintiff several times where plaintiff's tools were. Never once did he ask about plaintiff's partner.

k). The foreman then advised plaintiff that if she was not going to continue the job she could go home with twenty minutes left on her shift.

25. Throughout the incidents described in the preceding paragraph, plaintiff felt singled out, excessively scrutinized and harassed so plaintiff called her Chief Shop Steward, Dale Mitchell. Plaintiff explained the situation to him. He advised plaintiff not to go home until it was time for plaintiff to clock out. He said he would investigate it the next day.

26. Foreman Dwayne Hinchcliff made a statement to Joel Silverio (Operational Manager) that plaintiff was unproductive on her job, and he sent her home at 10:23 p.m.

27. Scotty Tran (Temporary Foreman Dayshift) sent plaintiff home on March 12, 2016 after speaking to Joel Silverio, OM because plaintiff's doctor's note didn't include the words "without restrictions".

28. Plaintiff thereafter went immediately to Kaiser Emergency Room, and she received another note stating she was cleared to work without restrictions. Plaintiff returned to work right after, and she completed her shift.

29. On or about March 15, 2016, plaintiff texted Scotty Tran stating for him to call plaintiff which he did. Plaintiff advised him that she was running late. Scotty told plaintiff to come into work, and he stated that he would contact the Control Center and the Sick Line that plaintiff was running late.

30. Thereafter, plaintiff came into work, clocked in, filled out an exception form and completed her shift.

31. Thereafter, plaintiff called in sick the next two days.

32. On or about March 17, 2016, Scotty called plaintiff at home, and he advised her that she needed a

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

doctor's note for her absence. Scotty stated OPCMD needed plaintiff's doctor's note. Normal procedure is to bring a doctor's note after three days.

33. Plaintiff sent Scotty a text that same day stating that she had spoken with OPCMD (medical in Chicago), and they told plaintiff that no request had been sent for further documentation because plaintiff had been cleared to return to work on March 12, 2016.

34. On March 15, 2016, Scotty told plaintiff that she was a no call/no show. Plaintiff had come into work that day, clocked in, filled out an exception form and worked until the end of the shift.

35. Scotty stated they would need OPCMD to clear plaintiff to return to work.

36. Joel Silverio (Operating Manager) held plaintiff out of service for the next five days.

37. Dale Mitchell (Chief Union Steward) tried several times to inquire why plaintiff was being held out of service. He had several conversations with Joel, only to receive the same answer again and again that OPCMD would have to clear plaintiff to return to work.

38. Plaintiff returned to work on March 23, 2016, per Joel Silverio's authorization that plaintiff did not have to provide additional doctor's notes.

39. On March 25, 2016, Chief Steward Dale Mitchell told plaintiff that Joel Silverio had scheduled a Fact Finding Meeting.

40. On March 31, 2016 a Fact Finding Meeting was convened which included two union officers, Joel and plaintiff. During this meeting, Joel stated Foreman Dwayne Hinchcliff had made a statement that plaintiff was unproductive, and he sent plaintiff home at 10:23 p.m. on March 13, 2016. Joel stated he had been checking plaintiff's productivity every day after the Foreman made this statement. John Lauren (union officer) stated plaintiff rights were being procedurally violated. Plaintiff was supposed to give a statement within twenty four hours. After the meeting, on March 31, 2016 plaintiff wrote her statement of what had occurred with Foreman, Dwayne Hinchcliff.

41. Plaintiff is informed and believes and thereon alleges that Defendant United Air Lines paid her for her overtime and for being Held out Of Service almost thirty days after the infraction which is a violation of Labor Law which to plaintiff's understanding states a maximum time period of seventy two hours for paying an employee's next paycheck to the employee.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

42.    Plaintiff is informed and believes and thereon alleges that Bonnie Turner was the General Manager of Maintenance Operations at SFO.  Upon plaintiff's return to work on January 19, 2016, Bonnie using all of her managerial authority directed her subordinates in a concentrated effort to monitor, harass and impose her will with malice to terminate plaintiff.

43.    Plaintiff is informed and believes and thereon alleges that she was provided with documentation by her physician which was sent to OPCMD on December 24, 2015.  Thereafter, Bonnie delayed plaintiff's initial return to work date of January 1, 2016.

44.    Plaintiff is informed and believes and thereon alleges that after a long extended illness, computer training is required prior to being able to return to work on the aircraft.  Scotty Tran continuously harassed plaintiff while she was trying to accomplish this task.

45.    Plaintiff is informed and believes and thereon alleges that Scotty Tran monitored her work continuously coming up on the aircraft and specifically asking about plaintiff's progress on her job. This harassment continued until plaintiff went out sick with Strep Throat in or about mid-February to March 12, 2016.

46.    Plaintiff is informed and believes and thereon alleges that prior to being terminated, Bonnie followed plaintiff into the locker room (before Dayshift Briefing).   Her reasoning being that she was going to inspect above the lockers. Her behavior was highly unusual.

47.    Plaintiff is informed and believes and thereon alleges that Bonnie was fully cognizant of all these actions which were all stated earlier.

48.    Plaintiff is informed and believes and thereon alleges that Kathy Tetrev worked for Human Resources.

49.    Plaintiff is informed and believes and thereon alleges that Kathy was contacted to investigate plaintiff's disciplinary Level 4 and to give her recommendation to remain on that Level of discipline or termination. Being a representative of HR, plaintiff is informed and believes and thereon alleges that Kathy failed to remain neutral. Upon plaintiff's complaint against UAL with the Ethics & Compliance Department, Kathy was the HR Representative who investigated the complaint. Her final decision of no findings in

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

plaintiff's complaint was a conflict of interest. Kathy Tetrev, throughout the entire proceedings of plaintiff's termination and Ethics and Compliance Complaint was never in a position of being neutral.

50.     As to Dwayne Hinchcliff, plaintiff alleges that approximately ten years prior during the Christmas holidays Dwayne Hinchcliff, Foreman on Dock 6 harassed her.

51.     Plaintiff is informed and believes and thereon alleges that when she came in for overtime on swing shift between 2:00 - 10:30 p.m., Hinchcliff slowly looked her up and down and asked her why she wasn't dressed. Plaintiff explained to him that she had punched in across the ramp (a two to three minute walk from her assigned dock.) This action was highly unusual. Normally upon arriving to get a job assignment the Lead has already set up the job assignments. In the event there is no Lead working the Foreman sets up the job assignments.

51.     Plaintiff is informed and believes and thereon alleges that Dwayne Hinchcliff asked her several times where her tools were. When plaintiff told him her tools were next door, he wanted to know why they were next door. He told plaintiff she was supposed to be on time, dressed, with her tools and ready to work at 2:00 p.m. This action was highly unusual as normal procedure is to collect one's job assignment, leave to change, gather your toolbox and go to work.

52.     At that time, a mechanic (Stevie Mac) who was in the planning office said a few times (in response to Hinchcliff), "She looks dressed to me even her reindeer ears are on, and I think she's dressed, Don't you?" Hinchcliff did not respond.

53.     Plaintiff then worked the job she was assigned; she completed her shift and left work at 10:30 p.m.

54.     The next day, plaintiff told Elena Hammond (another mechanic on her crew) what had occurred with Foreman Dwayne Hinchcliff. She encouraged plaintiff to go to HR. Elena was angry and let plaintiff know that Hinchcliff could lose his job for his behavior. Plaintiff chose to let management know.

55.     Later that morning, plaintiff walked into Joe Casebeer's office and told him what had occurred the previous day with Foreman Dwayne Hinchcliff. Plaintiff told him she didn't want to file a complaint with HR. Plaintiff let Joe know she felt dirty, humiliated and embarrassed by the incident. Plaintiff told him the planning office had other mechanics present. She gave him Stevie Mac's name as a witness to what had occurred.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

56.     Joe Casebeer told plaintiff that since she had informed him about this behavior of Hinchcliff, that since he was management, he had no choice but to report it. He said Dwayne Hinchcliff was wrong for his comments, eyeing plaintiff with, (as Joe put it "Elevator Eyes") and making her feel very uncomfortable.

57.     A few weeks later, plaintiff was told by a shop steward that Hinchcliff had to take zero tolerance classes. Plaintiff never saw him again until March 13, 2016.

58.     As to, Foreman Robert Barron, plaintiff alleges that Foreman Robert Barron sexually harassed her approximately twenty years ago. Plaintiff filed charges with HR, shop steward Wanda Withers who was present.

59.     Plaintiff is informed and believes and thereon alleges that Foreman Robert Barron called her at home on her day off. This action was highly unusual. Foreman Robert Barron asked plaintiff what she was wearing twice. Twice plaintiff responded my pajamas. Both times Foreman Robert Barron told plaintiff that was not what he wanted to hear. This action was highly unusual.

60.     Plaintiff is informed and believes and thereon alleges that Foreman Robert Barron then asked plaintiff to meet him for lunch at Jack London Square in Oakland. Plaintiff refused. This action was highly unusual.

61.     Plaintiff then told Foreman Robert Barron if he ever asked her questions like that or asked her to meet him again, she would report him to HR. Plaintiff told him that he had no right to speak to her in this manner.

62.     The next day at work plaintiff's shop steward, Wanda Withers told plaintiff that Foreman Robert Barron wanted to see her in the foreman's office to give her a level. Plaintiff told her what has occurred the day before with Foreman Robert Barron when he had called plaintiff at home.

63.     Foreman Robert Barron gave plaintiff a level. In the office he told Wanda and plaintiff that he wanted another foreman present to witness this meeting to give plaintiff a Level. The witness was Foreman Dave Cuellar. This action was highly unusual. Normal procedure is to have a shop steward present.

64.     Immediately thereafter plaintiff was given a Level from Foreman Barron. Plaintiff then went to Human Resources to file sexual harassment and retaliation charges against him.

65.     Plaintiff and Wanda filed the harassment and retaliation charges with Ella Patel. She was the Human

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

Resources representative. Ella told them that plaintiff's complaint would be investigated. She told plaintiff that she would get back to them as soon as she had interviewed all parties involved.

66.     A few weeks later Ella Patel from Human Resources and Operating Manager, Vince Villagua advised plaintiff's shop steward and plaintiff that the investigation was completed. Ella told plaintiff and Wanda that she had spoken to Bob, and there was no evidence of sexual harassment or retaliation. The decision was final.

67.     Plaintiff's shop steward expressed her disagreement with Ella Patel. She told Ella there were phone records to prove Foreman Robert Barron had called plaintiff at home on her day off.

68.     Upon returning back to work after a few days off plaintiff's shop steward told her that Foreman Robert Barron had been transferred to another dock. This was highly unusual. Foreman Robert Barron had been cleared of any charges. Normal procedure is for the foreman in question to remain on the dock.

69.     A few weeks later Foreman Robert Barron was no longer working for UAL. Plaintiff's shop steward believed he was forced to retire. Wanda tried to find out from management as well as the union what had happened with Foreman Robert Barron. She never received an answer from anyone.

70.     As to, Joanne Borg Operating Manager Jet Shop PW2000 Stalls, plaintiff is informed and believes and thereon alleges that Joanne Borg used all of her managerial authority in a concentrated effort to monitor, harass and impose her will with malice to terminate plaintiff.

71.     Approximately 2007 (10yrs. ago) Joanne called me into her office and accused her of working overtime she did not authorize. She had been checking plaintiff's punch in/out every day. This action was highly unusual. Normal procedure is for the foreman to correct any discrepancies a mechanic brings to their attention.

72.     Plaintiff is informed and believes and thereon alleges that on one occasion she told Joanne that she had stayed until 9:00 a.m. that particular day so that plaintiff could stop at Costco on her way home. Plaintiff was not working. Plaintiff was in the women's locker room. Joanne asked plaintiff again several times if plaintiff had worked overtime. Plaintiff replied that she had not.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

73.     Plaintiff is informed and believes and thereon alleges that Joanne told her Foreman, Ansel Knight that plaintiff was not to leave her work area until 6:15 a.m. This action was highly unusual. Normal punch out time is 6:30 a.m. Mechanics leave the work area by 6:00 a.m. to allow the turnover to dayshift.

74.     Plaintiff is informed and believes and thereon alleges that several times in the following months, plaintiff was told again and again by Foreman Ansel Knight that she was not to leave her work area before 6:15 a.m. per the Operating Manager, Joanne Borj. This action was highly unusual.

75.     Joanne told plaintiff's foreman, Ansel Knight that Steve Daly and Kathy Cassey, both Operating Managers for the Jet Shop Dayshift, had seen plaintiff leaving her work area several times before 6:15 a.m. This action was highly unusual. Normal procedure is that upper management does not get involved in the day to day actions of individual mechanics.

76.     Subsequently, after a few months had passed, during this time period plaintiff was still being harassed by Joanne for the same thing, which was leaving her work area before 6:00 a.m. Plaintiff asked Joanne why she was harassing her. Plaintiff informed her that UAL was required, per the union contract that mechanics had to be provided reasonable accommodations for changing before and after work. There were no women's locker rooms in the Jet Shop allowing privacy to change.

77.     Joanne told plaintiff she could change behind the shower curtain in the new women's locker room. Plaintiff responded that there was no privacy there. The locker room door opened directly in full view of the lockers. This was also the main women's restroom in the Jet Shop.

78.     Plaintiff asked Joanne for a meeting with her, Steve Daly and Kathy Cassey to discuss this matter further. Joanne said she would try to arrange a meeting. Months passed, plaintiff was not told again she must not leave her work area before 6:15 a.m.

79.     From January to June of 2009, plaintiff received three (3) Levels. Joanne Borg, in a constant concentrated effort instructed Attendance Management (Ella Patel was in charge of this Dept.) to issue plaintiff these Levels. This action is highly unusual. Normal procedure is to allow the mechanic time for improvement. Foreman Ansel Knight told plaintiff that he was being forced by Joanne to issue plaintiff these levels.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

80.     Foreman Knight advised plaintiff that Joanne was watching her and excessively checking plaintiff's attendance every day. This was highly unusual.

81.     Ansel initiated a proposed Level 4 hearing a few months later. The hearing took place and plaintiff was given a Level for after the hearing. This was highly unusual. Normal procedure is counsel the mechanic several times and allow time for improvement.

82.     Plaintiff transferred from the Jet Shop to the docks prior to her Level 4 hearing.  Plaintiff was afraid she would be fired if she had stayed in the Jet Shop.

83.     Plaintiff was under a doctor's care from John Muir Medical Center after her father passed away in December of 2008.  UAL (the Jet Shop management) was aware of plaintiff's severe depression and anxiety.  During plaintiff's time working in the Jet Shop, plaintiff went through a divorce, her father passed away, and she lost her home.

84.     Plaintiff is informed and believes and thereon alleges that the constant discrimination, harassment, retaliation and excessive monitoring of her work and her whereabouts at all times took its toll on plaintiff mentally, emotionally and physically. Plaintiff is informed and believes and thereon alleges that she was subjected to excessive scrutiny while in defendant's employ, and that this excessive scrutiny by management was discriminatorily motivated by illegal consideration of plaintiff's age, race, national origin, gender and her various disabilities.  Starting in 2011 plaintiff was under the care of Kaiser Hospital which included plaintiff's primary physician and two other medical doctors. After transferring to the docks, plaintiff was once again subject to harassment by yet another OM, Bonnie Turner.

85.     In 2014 plaintiff resorted to EIS to address her work occasioned depression and anxiety for sixteen months. Upon returning to work on January 19, 2016, plaintiff was terminated in less than three months following her return to work which included an absence for strep throat.

86.     Plaintiff is informed and believes and thereon alleges that the blatant malicious intent to terminate plaintiff's employment was driven by Bonnie Turner with the assistance and collaboration and help of Joel Silverio, Ella Patel and Kathy Tetrev. This highly unusual concerted behavior was a concentrated and collaborative effort to terminate plaintiff, a hard working mechanic of twenty seven years who had been deliberately and intentionally subjected to continual and systemic discrimination, harassment, retaliation,

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1   sexual harassment as a female, and a minority mechanic suffering from job induced stress and  mental
2   illness.

3   87.      Plaintiff is informed and believes and thereon alleges that on or about April 21, 2016, UNITED
4   AIRLINES terminated plaintiff's employment with finality due in large part to her physical and mental
5   disabilities and or the symptomatology occasioned by her physical and mental disabilities.

6                                          **FIRST CAUSE OF ACTION**

7   **(Plaintiff SAVITA RAJ'S First Cause of Action for Employment Discrimination On The Basis of
    Medical Condition, Physical Disability; Violation of Fair Employment and Housing Act against
8                              Defendant UNITED AIRLINES and DOES 1-50)**

9   88.      Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the
10  allegations, and each of them, contained in paragraphs 1 through 87.

11  89.      During the course of her employment, plaintiff learned that she had the following medical
12  condition physical disability, disorder or condition: (a physical and/or mental disability related to stress and
13  anxiety); plaintiff's medical conditions and disabilities qualified as medical conditions and/or both a
14  "physical disability" and/or "mental disability" as these terms "physical disability" and "mental disability"
15  are defined in California Government Code section 12926.  Specifically, during her employment with
16  defendant, Plaintiff had a physiological disease, disorder, or condition affecting her cardiovascular body
17  system which limited her ability to engage in and perform many of her major life activities, including but
18  not limited to physical, mental, and social activities and working and which made the achievement of these
19  major life activities difficult for her.  Plaintiff's disabilities affected her ability to work and made working
20  more difficult for her.  During her employment, Plaintiff's symptoms related to her various physical
21  disabilities increased in intensity and substantially affected her ability to work and perform her work related
22  responsibilities.

23  90.      At all times relevant, Plaintiff was an individual with a "disability" within the meaning of Government
24  Code §12940 et seq.  Plaintiff had an impairment which substantially limited one or more major life activities,
25  had a record of such an impairment and was regarded by Defendants as having such an impairment.  Plaintiff
26  was also a "qualified individual with a disability."  More specifically, at all times herein mentioned, Plaintiff was
27  an individual with a disability who, with reasonable accommodation could perform the essential functions of her
28  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
    (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

employment position.  Despite, advising Defendants and providing required documentation of her need for accommodation, Defendants failed and refused to provide plaintiff with any accommodation.

91.    Following Plaintiff's affliction of the physical disabilities as set forth above, and at all times thereafter, UNITED AIRLINES was aware of Plaintiff's physical disabilities set forth above because Plaintiff informed UNITED AIRLINES of her physical disabilities, and UNITED AIRLINES was aware that Plaintiff was being treated for her physical disabilities.  Throughout the period that plaintiff was employed by UNITED AIRLINES, UNITED AIRLINES knew Plaintiff suffered from the physical disabilities set forth above that limited her ability to engage in and perform many of her major life activities, including but not limited to physical, mental, and social activities and working, and which made the achievement of these major life activities difficult for her.  UNITED AIRLINES knew Plaintiff's disabilities affected her ability to work and made working more difficult for her.  Throughout the period that plaintiff was employed by UNITED AIRLINES, UNITED AIRLINES thought that Plaintiff suffered from the physical disabilities set forth above that limited her ability to engage in and perform many of her major life activities, including but not limited to physical, mental, and social activities and working and which made the achievement of these major life activities difficult for her. UNITED AIRLINES was aware that plaintiff was limited by her physical disabilities.

92.    During her employment and at all times relevant, Plaintiff was able to perform her essential job duties with reasonable accommodation for her condition.  At all times herein mentioned plaintiff was qualified for her position with UNITED AIRLINES based upon her education, training and experience.

93.    At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her employment if such reasonable accommodation had been made by UNITED AIRLINES.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's physical disability have been a danger to Plaintiff's, or any other person's health or safety, nor would it have created an undue hardship to the operation of UNITED AIRLINES 's business.

94.    UNITED AIRLINES failed to reasonably accommodate Plaintiff's needs based on her physical disabilities.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

95.     On or about April 21, 2016, Plaintiff was terminated from her position with UNITED AIRLINES because Defendant UNITED AIRLINES failed and refused to make any accommodation for Plaintiff's disabilities, and plaintiff was terminated from her employment because of her physical disabilities.

96.     Plaintiff's physical disability, disorder or condition:: (a physical and/or mental disability related to stress and anxiety); a medical disability or condition affecting her cardiovascular body system for which she was taking prescribed medications and a mental disability related to stress and anxiety, or plaintiff's history of this physical disability, disorder or condition was a substantial motivating reason for the discharge of plaintiff from her employment on or about April 21, 2016.  Defendant UNITED AIRLINES's belief that plaintiff had a history of a physical disability, disorder or condition: (a physical and/or mental disability related to stress and anxiety) for which she was taking prescribed medications and a mental disability related to stress and anxiety was a substantial motivating reason for the discharge of plaintiff from her employment on or about April 21, 2016.

97.     UNITED AIRLINES  in violation of California Govt. Code § 12940(n), failed to make any offer of reasonable accommodation to plaintiff, failed to make any determination whether a vacant position existed within its organization for which the plaintiff was qualified and which the plaintiff was capable of performing with or without accommodation and failed to engage in a "timely, good faith, interactive process" to determine effective reasonable accommodations with plaintiff who had a known (to her employer) disability and who had requested accommodation.

98.     Plaintiff's termination by UNITED AIRLINES constituted discrimination and disparate treatment. Plaintiff is informed and believes and thereon alleges that UNITED AIRLINES 'S refusal to accommodate her physical disabilities constituted discrimination and disparate treatment.

99.     Furthermore, throughout the period of plaintiff's employment, plaintiff was harassed on a daily basis due to her disability.  Plaintiff was made to work harder than other non-disabled employees, and she was singled out for unfair and excessive criticism by her managers and supervisors.  There were occasions when plaintiff would experience pain, hurt and discomfort related to her physical disability, disorder or condition, which pain, hurt and discomfort related to her physical disability was exacerbated by plaintiff having to work long and excessive hours, and which pain, hurt and discomfort related to her physical disability limited

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

plaintiff's ability to perform her job responsibilities and made working for her exceedingly difficult. On these occasions, plaintiff requested accommodation in the form of a modified work schedule, change in job assignments and time off of work or leave of absences, and in response plaintiff was denied her specific requests for accommodation and suffered adverse treatment from her managers, co-workers and others. In retaliation for having requested accommodation for her physical disabilities, plaintiff was treated unfairly.

100.    Defendants, by their continued acts and/or omissions described in the paragraphs above and herein, intentionally created and tolerated a hostile work environment to plaintiff based upon plaintiff's disability, which denied plaintiff equal employment opportunities, by their failure to provide a work environment free from discrimination that was provided to other non-disabled employees, similarly situated to plaintiff. Examples included, but were not limited to: Plaintiff was refused requests for transfer and job reassignment, refused accommodation, unfairly criticized, disciplined, assigned unfair job responsibilities, intimidated, other employees were encouraged not to associate with her; and plaintiff was refused the same opportunities as other non-disabled employees, similarly situated.

101.    Defendants' policy of allowing unequal treatment of protected class members based upon disability under California law and their intentional failure to remedy such unequal treatment, violates Government Code § 12940 et seq., and other state statutes proscribing illegal, antidiscrimination, retaliation and wrongful conduct.

102.    Each discriminatory act independently establishes a separate basis for recovery in that each act denied plaintiff a work environment free from, including not limited to, discrimination, harassment, hostility, emotional distress, safe and healthful work environment, the same opportunity for success in employment as other non-disabled employees, similarly situated.

103.    UNITED AIRLINES knew or should have known of these discriminatory and harassing actions because plaintiff's managers', supervisors', co-workers' and others' discriminatory and harassing behavior was brought directly to the attention of UNITED AIRLINES. Despite UNITED AIRLINES's actual and constructive knowledge of the aforementioned discrimination and harassment and the knowledge of its supervisors and agents, UNITED AIRLINES failed to take immediate and appropriate corrective action to stop the discrimination and harassment from occurring. Furthermore, before the discrimination and

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1  harassment occurred, UNITED AIRLINES failed to take all reasonable steps to prevent such discrimination

2  and harassment from occurring.

3  104.    UNITED AIRLINES 's discriminatory and harassing actions against Plaintiff, as alleged above,

4  constituted unlawful discrimination in employment on account of physical disability in violation of

5  Government Code Section 12940(a).

6  105.    As a proximate result of UNITED AIRLINES 's discriminatory and harassing actions against

7  plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable

8  losses, including, but not limited to: losses in earnings, wages, salary, commissions, bonuses, deferred

9  compensation and other employment benefits, injuries to plaintiff's protected property interests, general

10  damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession

11  and occupation, the expenses plaintiff has incurred mitigating the conduct of UNITED AIRLINES , losses

12  incurred seeking substitute employment and loss of earnings, deferred compensation and other employment

13  benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in

14  prosecuting this action, interest on the amount of losses incurred in earnings, deferred compensation and

15  other employee benefits, the interest on borrowed money, the value of plaintiff's time in prosecuting this

16  action, the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other

17  economic losses, other incidental expenses and other special and general damages.  Plaintiff's substantial

18  compensable losses are in amounts not fully ascertained.

19  106.    As a further proximate result of UNITED AIRLINES 's discriminatory and harassing actions against

20  plaintiff as alleged above, plaintiff has suffered, and continues to suffer, embarrassment, mortification,

21  indignity, humiliation, severe physical, mental and emotional distress, discomfort and irreparable injury to

22  her business reputation, all to her detriment and damage in amounts not fully ascertained, and for which

23  plaintiff has been forced to seek personal, medical and related care and treatment and plaintiff has incurred

24  and will continue to incur expenses therefore.

25  107.    Defendant's decisions and conduct as set forth above were a substantial factor in causing plaintiff's

26  harm.

27

28  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
   (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

108.    On or about April 17, 2017, and within one year of the date of the last act in the continuing pattern and practice of discrimination herein alleged against defendants by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereafter, DFEH) against all named defendants.

109.    On or about April 17, 2017, the DFEH issued to plaintiff a notice of right to bring a civil action against all named defendants based on the charges of discrimination filed with the DFEH.

110.    The unlawful employment practices complained of above were intentional.

## SECOND CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Second Cause of Action for Harassment On The Basis of Physical Disability and Medical Condition; Violation of Fair Employment and Housing Act against Defendant UNITED AIRLINES and DOES 1-50)**

111.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 110.

112.    During the course of her employment, plaintiff learned that she had the following medical condition physical disability, disorder or condition: (a physical and/or mental disability related to stress and anxiety); plaintiff's medical conditions and disabilities qualified as medical conditions and/or both a "physical disability" and/or "mental disability" as these terms "physical disability" and "mental disability" are defined in California Government Code section 12926. Specifically, during her employment with defendant, Plaintiff had a physiological disease, disorder, or condition affecting her cardiovascular body system which limited her ability to engage in and perform many of her major life activities, including but not limited to physical, mental, and social activities and working and which made the achievement of these major life activities difficult for her. Plaintiff's disabilities affected her ability to work and made working more difficult for her. During her employment, Plaintiff's symptoms related to her various physical disabilities increased in intensity and substantially affected her ability to work and perform her work related responsibilities.

113.    At all times relevant, Plaintiff was an individual with a "disability" within the meaning of Government Code §12940 et seq. Plaintiff had an impairment which substantially limited one or more major life activities, had a record of such an impairment and was regarded by Defendants as having such an impairment. Plaintiff

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

was also a "qualified individual with a disability." More specifically, at all times herein mentioned, Plaintiff was an individual with a disability who, with reasonable accommodation could perform the essential functions of her employment position. Despite, advising Defendants and providing required documentation of her need for accommodation, Defendants failed and refused to provide plaintiff with any accommodation.

114.    Following Plaintiff's affliction of the physical disabilities as set forth above, and at all times thereafter, UNITED AIRLINES was aware of Plaintiff's physical disabilities set forth above because Plaintiff informed UNITED AIRLINES of her physical disabilities, and UNITED AIRLINES was aware that Plaintiff was being treated for her physical disabilities. Throughout the period that plaintiff was employed by UNITED AIRLINES, UNITED AIRLINES knew Plaintiff suffered from the physical disabilities set forth above that limited her ability to engage in and perform many of her major life activities, including but not limited to physical, mental, and social activities and working, and which made the achievement of these major life activities difficult for her. UNITED AIRLINES knew Plaintiff's disabilities affected her ability to work and made working more difficult for her. Throughout the period that plaintiff was employed by UNITED AIRLINES, UNITED AIRLINES thought that Plaintiff suffered from the physical disabilities set forth above that limited her ability to engage in and perform many of her major life activities, including but not limited to physical, mental, and social activities and working and which made the achievement of these major life activities difficult for her. UNITED AIRLINES was aware that plaintiff was limited by her physical disabilities.

115.    During her employment and at all times relevant, Plaintiff was able to perform her essential job duties with reasonable accommodation for her condition. At all times herein mentioned plaintiff was qualified for her position with UNITED AIRLINES based upon her education, training and experience.

116.    At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her employment if such reasonable accommodation had been made by UNITED AIRLINES. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's physical disability have been a danger to Plaintiff's, or any other person's health or safety, nor would it have created an undue hardship to the operation of UNITED AIRLINES 's business.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

117.   UNITED AIRLINES failed to reasonably accommodate Plaintiff's needs based on her physical disabilities.

118.   On or about April 21, 2016, Plaintiff was terminated from her position with UNITED AIRLINES because Defendant UNITED AIRLINES failed and refused to make any accommodation for Plaintiff's disabilities, and plaintiff was terminated from her employment because of her physical disabilities.

119.   Plaintiff's physical disability, disorder or condition: : (a physical and/or mental disability related to stress and anxiety); a medical disability or condition affecting her cardiovascular body system for which she was taking prescribed medications and a mental disability related to stress and anxiety, or plaintiff's history of this physical disability, disorder or condition was a substantial motivating reason for the discharge of plaintiff from her employment on or about April 21, 2016.  Defendant UNITED AIRLINES's belief that plaintiff had a history of a physical disability, disorder or condition: (a physical and/or mental disability related to stress and anxiety) for which she was taking prescribed medications and a mental disability related to stress and anxiety was a substantial motivating reason for the discharge of plaintiff from her employment on or about April 21, 2016.

120.   UNITED AIRLINES  in violation of California Govt. Code § 12940(n), failed to make any offer of reasonable accommodation to plaintiff, failed to make any determination whether a vacant position existed within its organization for which the plaintiff was qualified and which the plaintiff was capable of performing with or without accommodation and failed to engage in a "timely, good faith, interactive process" to determine effective reasonable accommodations with plaintiff who had a known (to her employer) disability and who had requested accommodation.

121.   Plaintiff's termination by UNITED AIRLINES constituted discrimination and disparate treatment. Plaintiff is informed and believes and thereon alleges that UNITED AIRLINES 'S refusal to accommodate her physical disabilities constituted discrimination and disparate treatment.

122.   Furthermore, throughout the period of plaintiff's employment, plaintiff was harassed on a daily basis due to her disability.  Plaintiff was made to work harder than other non-disabled employees, and she was singled out for unfair and excessive criticism by her managers and supervisors. There were occasions when plaintiff would experience pain, hurt and discomfort related to her physical disability, disorder or condition,

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1    which pain, hurt and discomfort related to her physical disability was exacerbated by plaintiff having to

2    work long and excessive hours, and which pain, hurt and discomfort related to her physical disability limited

3    plaintiff's ability to perform her job responsibilities and made working for her exceedingly difficult.  On

4    these occasions, plaintiff requested accommodation in the form of a modified work schedule, change in job

5    assignments and time off of work or leave of absences, and in response plaintiff was denied her specific

6    requests for accommodation and suffered adverse treatment from her managers, co-workers and others.  In

7    retaliation for having requested accommodation for her physical disabilities, plaintiff was treated unfairly.

8    123.    Defendants, by their continued acts and/or omissions described in the paragraphs above and herein,

9    intentionally created and tolerated a hostile work environment to plaintiff based upon plaintiff's disability,

10   which denied plaintiff equal employment opportunities, by their failure to provide a work environment free

11   from discrimination that was provided to other non-disabled employees, similarly situated to plaintiff.

12   Examples included, but were  not limited to: Plaintiff was refused requests for transfer and job

13   reassignment, refused accommodation, unfairly criticized, disciplined, assigned unfair job responsibilities,

14   intimidated, other employees were encouraged not to associate with her; and plaintiff was refused the same

15   opportunities as other non-disabled employees, similarly situated.

16   124.    Defendants' policy of allowing unequal treatment of protected class members based upon disability

17   under California law and their intentional failure to remedy such unequal treatment, violates Government

18   Code § 12940 et seq., and other state statutes proscribing illegal, antidiscrimination, retaliation and wrongful

19   conduct.

20   125.    Each discriminatory act independently establishes a separate basis for recovery in that each act

21   denied plaintiff a work environment free from, including not limited to, discrimination, harassment,

22   hostility, emotional distress, safe and healthful work environment, the same opportunity for success in

23   employment as other non-disabled employees, similarly situated.

24   126.    UNITED AIRLINES knew or should have known of these discriminatory and harassing actions

25   because plaintiff's managers', supervisors', co-workers' and others' discriminatory and harassing behavior

26   was brought directly to the attention of UNITED AIRLINES.  Despite UNITED AIRLINES's actual and

27   constructive knowledge of the aforementioned discrimination and harassment and the knowledge of its

28   COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
     (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

supervisors and agents, UNITED AIRLINES failed to take immediate and appropriate corrective action to stop the discrimination and harassment from occurring. Furthermore, before the discrimination and harassment occurred, UNITED AIRLINES failed to take all reasonable steps to prevent such discrimination and harassment from occurring.

127.    UNITED AIRLINES's discriminatory and harassing actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of physical disability in violation of Government Code Section 12940(a).

128.    As a proximate result of UNITED AIRLINES's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, bonuses, deferred compensation and other employment benefits, injuries to plaintiff's protected property interests, general damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession and occupation, the expenses plaintiff has incurred mitigating the conduct of UNITED AIRLINES , losses incurred seeking substitute employment and loss of earnings, deferred compensation and other employment benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits, the interest on borrowed money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses, other incidental expenses and other special and general damages. Plaintiff's substantial compensable losses are in amounts not fully ascertained.

129.    As a further proximate result of UNITED AIRLINES's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has suffered, and continues to suffer, embarrassment, mortification, indignity, humiliation, severe physical, mental and emotional distress, discomfort and irreparable injury to her business reputation, all to her detriment and damage in amounts not fully ascertained, and for which plaintiff has been forced to seek personal, medical and related care and treatment and plaintiff has incurred and will continue to incur expenses therefore.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

130.    Defendant's decisions and conduct as set forth above were a substantial factor in causing plaintiff's harm.

131.    On or about April 17, 2017, and within one year of the date of the last act in the continuing pattern and practice of discrimination herein alleged against defendants by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereafter, DFEH) against all named defendants.

132.    On or about April 17, 2017, the DFEH issued to plaintiff a notice of right to bring a civil action against all named defendants based on the charges of discrimination filed with the DFEH.

133.    The unlawful employment practices complained of above were intentional.

## THIRD CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Third Cause of Action for Employment Discrimination On The Basis of Race/National Origin, Violation of Fair Employment and Housing Act against Defendant UNITED AIRLINES and DOES 1-50)**

134.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 133.

135.    Throughout the period that plaintiff was employed by UNITED AIRLINES, UNITED AIRLINES acting through its agents and plaintiff's managers, supervisors, co-workers and others engaged in intentional acts with the intent of discriminating against and harassing plaintiff on account of her race/national origin in violation of the provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900-12996).  Such discrimination and harassment consisted of, but was not limited to, unfounded complaints made against plaintiff concerning plaintiff's work, retaliation against plaintiff, denial of advancement, transfer, promotions, severance package, retirement package and other benefits, and repeated acts of harassment and discrimination directed at plaintiff which for her created a hostile work environment and which resulted in her termination on or about April 21, 2016.

136.    During the entire period of plaintiff's employment, plaintiff's work was highly acceptable and satisfactory as repeatedly reported to plaintiff during numerous individual and supervisory meetings during the course of plaintiff's employment.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

137.    Plaintiff was treated in a disparate manner and subjected to UNITED AIRLINES's unfair policies and practices in that plaintiff was treated unequal and unlike employees outside of plaintiff's protected classifications.  Said unfair policies and practices both limited plaintiff in her job classifications, job assignments and other benefits.

138.    As a result of UNITED AIRLINES's policies and practices plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of her race/national origin.

139.    UNITED AIRLINES 's discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of race/national origin in violation of the Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996).

140.    During the aforementioned dates, UNITED AIRLINES also subjected plaintiff to differential treatment. UNITED AIRLINES made its employment decisions related to the imposition of discipline and termination solely on the basis of improper consideration of the race/national origin of plaintiff, and completely subjective analysis in willful disregard of leadership qualities, merit, past record, qualification, reaction of other employees etc.  No fair and objective standards were used for decisions related to the imposition of discipline and termination. UNITED AIRLINES's decision making process related to discipline was a primary source of discrimination which resulted in an improper denial of advancement opportunities to employees of plaintiff's race and national origin.

141.    As a proximate result of UNITED AIRLINES's discriminatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money plaintiff would have received had she not been terminated.  As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

142.    As a further proximate result of UNITED AIRLINES 's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such discrimination and consequent harm plaintiff has suffered damages in an amount according to proof.

143.    As a proximate result of UNITED AIRLINES 's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1   losses, including, but not limited to: losses in earnings, wages, salary, commissions, bonuses, deferred

2   compensation and other employment benefits, injuries to plaintiff's protected property interests, general

3   damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession

4   and occupation, the expenses plaintiff has incurred mitigating the conduct of UNITED AIRLINES , and loss

5   of earnings, deferred compensation and other employment benefits, the attorneys' fees and other litigation

6   expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the amount

7   of losses incurred in earnings, deferred compensation and other employee benefits, the interest on borrowed

8   money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has incurred and

9   will continue to incur in prosecuting this action; other economic losses, other incidental expenses and other

10  special and general damages.  Plaintiff's substantial compensable losses are in amounts not fully

11  ascertained.

12  144.    On or about April 17, 2017, and within one year of the date of the last act of the continuing pattern

13  and practice of discrimination and harassment herein alleged against defendant by plaintiff, plaintiff filed a

14  charge of discrimination with the California Department of Fair Employment and Housing (hereinafter,

15  "DFEH").

16  145.    On or about April 17, 2017, the DFEH issued to plaintiff a notice of right to bring a civil action

17  against the defendant based on the charge of discrimination filed with the DFEH.

18                                    **FOURTH CAUSE OF ACTION**

19  **(Plaintiff SAVITA RAJ'S Fourth Cause of Action for Race/National Origin Harassment, Violation of**
    **Fair Employment and Housing Act against Defendant UNITED AIRLINES and DOES 1-50)**

20

21  146.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the

22  allegations, and each of them, contained in paragraphs 1 through 145.

23  147.    At all times mentioned in this complaint, Government Code sections 12940 et seq. were in full force

24  and effect and were binding on defendants. These sections require defendants to refrain from discriminating

25  against and harassing any employee on the basis of race/national origin, among other things.  Within the

26  time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and

27  Housing, in full compliance with these sections, and received a right–to–sue letter.

28  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
    (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

                                               -26-

148.    During the course of plaintiff's employment, defendants created and allowed to exist a hostile environment based on race/national origin; and defendants discriminated against and harassed plaintiff on the basis of plaintiff's race/national origin.  Such discrimination and harassment was in violation of Government Code section 12940 et seq. and the public policy embodied therein, and has resulted in damage and injury to plaintiff as alleged herein.

149.    As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

150.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

## FIFTH CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Fifth Cause of Action for Employment Discrimination On The Basis of Age, Violation of Fair Employment and Housing Act against Defendant UNITED AIRLINES and DOES 1- 50)**

151.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 150.

152.    Throughout the period that plaintiff was employed by UNITED AIRLINES , UNITED AIRLINES acting through its agents and plaintiff's managers, supervisors, co-workers and others engaged in intentional acts with the intent of discriminating against and harassing plaintiff on account of her age in violation of the provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996)

153.    During the time plaintiff was employed by UNITED AIRLINES she was discriminated against and harassed with respect to the terms, conditions, and privileges of her employment because of her age.  Such discrimination and harassment consisted of, but was not limited to, unfounded complaints made against plaintiff concerning plaintiff's work, retaliation against plaintiff, denial of advancement, transfer, promotions, severance package, retirement package and other benefits, and repeated acts of harassment and discrimination directed at plaintiff which for her created a hostile work environment and which resulted in

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

her termination on or about April 21, 2016.  Plaintiff is informed and believes and thereon alleges that she would not have been subjected to this abuse if she were not over the age of 40.

154.    During the entire period of plaintiff's employment, plaintiff's work was highly acceptable and satisfactory as repeatedly reported to plaintiff during numerous individual and supervisory meetings during the course of plaintiff's employment.

155.    Plaintiff was treated in a disparate manner and subjected to UNITED AIRLINES's unfair policies and practices in that plaintiff was treated unequal and unlike employees outside of plaintiff's protected classifications.  Said unfair policies and practices both limited plaintiff in her job classifications, job assignments and other benefits.

156.    As a result of UNITED AIRLINES's policies and practices plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of her age.

157.    UNITED AIRLINES 's discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of age in violation of the Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996).

158.    During the aforementioned dates, UNITED AIRLINES also subjected plaintiff to differential treatment. UNITED AIRLINES made its employment decisions related to the imposition of discipline solely on the basis of improper consideration of the employee's age, and completely subjective analysis in willful disregard of leadership qualities, merit, past record, qualification, reaction of other employees etc.  No fair and objective standards were used for decisions related to the imposition of discipline.  UNITED AIRLINES's decision making process related to discipline was a primary source of discrimination which resulted in an improper denial of advancement opportunities to employees over the age of 40 including plaintiff.

159.    As a further proximate result of UNITED AIRLINES 's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such discrimination and consequent harm plaintiff has suffered damages in an amount according to proof.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

160.   As a proximate result of UNITED AIRLINES 's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, bonuses, deferred compensation and other employment benefits, injuries to plaintiff's protected property interests, general damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession and occupation, the expenses plaintiff has incurred mitigating the conduct of UNITED AIRLINES , and loss of earnings, deferred compensation and other employment benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits, the interest on borrowed money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses, other incidental expenses and other special and general damages.  Plaintiff's substantial compensable losses are in amounts not fully ascertained.

161.   On or about April 17, 2017, and within one year of the date of the last act of the continuing pattern and practice of discrimination and harassment herein alleged against defendant by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereinafter, "DFEH").

162.   On or about April 17, 2017, the DFEH issued to plaintiff a notice of right to bring a civil action against the defendant based on the charge of discrimination filed with the DFEH.

## SIXTH CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Sixth Cause of Action for Age Harassment, Violation of Fair Employment and Housing Act against Defendant UNITED AIRLINES and DOES 1-50)**

163.   Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 162.

164.   At all times mentioned in this complaint, Government Code sections 12940 et seq. were in full force and effect and were binding on defendants. These sections require defendants to refrain from discriminating against and harassing any employee on the basis of age, among other things.  Within the time provided by

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

law, plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right–to–sue letter.

165.    During the course of plaintiff's employment, defendants created and allowed to exist a hostile environment based on age; and defendants discriminated against and harassed plaintiff on the basis of plaintiff's age.  Such discrimination and harassment was in violation of Government Code section 12940 et seq. and the public policy embodied therein, and has resulted in damage and injury to plaintiff as alleged herein.

166.    As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

167.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

## SEVENTH CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Seventh Cause of Action for Employment Discrimination On The Basis of Gender, Violation of Fair Employment and Housing Act against Defendant UNITED AIRLINES and DOES 1-50)**

168.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 167.

169.    Throughout the period that plaintiff was employed by UNITED AIRLINES , UNITED AIRLINES acting through its agents and plaintiff's managers, supervisors, co-workers and others engaged in intentional acts with the intent of discriminating against and harassing plaintiff on account of her gender in violation of the provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996)

170.    During the time plaintiff was employed by UNITED AIRLINES she was discriminated against and harassed with respect to the terms, conditions, and privileges of her employment because of her gender. Such discrimination and harassment consisted of, but was not limited to, unfounded complaints made against plaintiff concerning plaintiff's work, retaliation against plaintiff, denial of advancement, transfer, promotions, severance package, retirement package and other benefits, and repeated acts of harassment and

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

discrimination directed at plaintiff which for her created a hostile work environment and which resulted in her termination on or about April 21, 2016. Plaintiff is informed and believes and thereon alleges that she would not have been subjected to this abuse if she were not a female.

171.    During the entire period of plaintiff's employment, plaintiff's work was highly acceptable and satisfactory as repeatedly reported to plaintiff during numerous individual and supervisory meetings during the course of plaintiff's employment.

172.    Plaintiff was treated in a disparate manner and subjected to UNITED AIRLINES's unfair policies and practices in that plaintiff was treated unequal and unlike employees outside of plaintiff's protected classifications. Said unfair policies and practices both limited plaintiff in her job classifications, job assignments and other benefits.

173.    As a result of UNITED AIRLINES's policies and practices plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of her gender.

174.    UNITED AIRLINES 's discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of gender in violation of the Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996).

175.    During the aforementioned dates, UNITED AIRLINES also subjected plaintiff to differential treatment. UNITED AIRLINES made its employment decisions related to the imposition of discipline and termination solely on the basis of improper consideration of the gender of plaintiff, and completely subjective analysis in willful disregard of leadership qualities, merit, past record, qualification, reaction of other employees etc. No fair and objective standards were used for decisions related to the imposition of discipline and termination. UNITED AIRLINES's decision making process related to discipline was a primary source of discrimination which resulted in an improper denial of advancement opportunities to employees of plaintiff's gender.

176.    As a proximate result of UNITED AIRLINES's discriminatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money plaintiff would have received had she not been terminated. As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

177.   As a further proximate result of UNITED AIRLINES 's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such discrimination and consequent harm plaintiff has suffered damages in an amount according to proof.

178.   As a proximate result of UNITED AIRLINES 's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, bonuses, deferred compensation and other employment benefits, injuries to plaintiff's protected property interests, general damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession and occupation, the expenses plaintiff has incurred mitigating the conduct of UNITED AIRLINES , and loss of earnings, deferred compensation and other employment benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits, the interest on borrowed money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses, other incidental expenses and other special and general damages.  Plaintiff's substantial compensable losses are in amounts not fully ascertained.

179.   On or about April 17, 2017, and within one year of the date of the last act of the continuing pattern and practice of discrimination and harassment herein alleged against defendant by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereinafter, "DFEH").

180.   On or about April 17, 2017, the DFEH issued to plaintiff a notice of right to bring a civil action against the defendant based on the charge of discrimination filed with the DFEH.

## EIGHTH CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Eighth Cause of Action for Gender Harassment, Violation of Fair Employment and Housing Act against Defendant UNITED AIRLINES and DOES 1-50)**

181.   Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

allegations, and each of them, contained in paragraphs 1 through 180.

182.   At all times mentioned in this complaint, Government Code sections 12940 et seq. were in full force and effect and were binding on defendants. These sections require defendants to refrain from discriminating against and harassing any employee on the basis of gender, among other things.  Within the time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right–to–sue letter.

183.   During the course of plaintiff's employment, defendants created and allowed to exist a hostile environment based on gender; and defendants discriminated against and harassed plaintiff on the basis of plaintiff's gender.  Such discrimination and harassment was in violation of Government Code section 12940 et seq. and the public policy embodied therein, and has resulted in damage and injury to plaintiff as alleged herein.

184.   As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

185.   Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

## NINTH CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Ninth Cause of Action for Retaliation against Defendant, UNITED AIRLINES and DOES 1-50)**

186.   Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 185.

187.   During the course of plaintiff's employment with UNITED AIRLINES , she complained to UNITED AIRLINES  about UNITED AIRLINES 's managers', supervisors', co-workers' and others' discriminatory and harassing behavior towards her and complained about UNITED AIRLINES 's hostile and offensive environment.  UNITED AIRLINES retaliated against plaintiff for making these complaints by subjecting her to adverse employment actions.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

188.   UNITED AIRLINES's treatment of plaintiff was in violation of Government Code section 12940(h). Within the time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and Housing (hereafter, DFEH) against all named defendants and received a right to sue letter.

189.   As a proximate result of UNITED AIRLINES 's retaliatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, deferred compensation and other employment benefits; injuries to plaintiff's protected property interests; general damage to plaintiff's reputation; loss due to stigma; injury to plaintiff's property, business, trade, profession and occupation; the expenses plaintiff has incurred mitigating the conduct of UNITED AIRLINES , deferred compensation and other employment benefits; the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action; interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits; the interest on borrowed money; the value of plaintiff's time in prosecuting this action; the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses; other incidental expenses; and other special and general damages. Plaintiff's substantial compensable losses are in amounts not fully ascertained.

190.   As a further proximate result of UNITED AIRLINES 's retaliatory actions against plaintiff as alleged above and the acts, omissions and conduct of UNITED AIRLINES , plaintiff has suffered, and continues to suffer, embarrassment, mortification, indignity and humiliation and severe physical, mental and emotional distress and discomfort and irreparable injury to her business reputation, all to her detriment and damage in amounts not fully ascertained, and for which plaintiff has been forced to seek personal, medical and related care and treatment and plaintiff has incurred and will continue to incur, expenses therefore.

191.   On or about April 17, 2017 and within one year of the date of the last act of the continuing pattern and practice of discrimination and harassment herein alleged against defendant by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereinafter, "DFEH").

192.   On or about April 17, 2017, the DFEH issued to plaintiff a notice of right to bring a civil action against the defendant based on the charge of discrimination filed with the DFEH.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

## TENTH CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Tenth Cause of Action for Violation of Government Code Section 12940(k) against Defendant, UNITED AIRLINES and DOES 1-50)**

193.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 192.

194.    At all times mentioned in this complaint, Government Code section 12940(k) was in full force and effect and was binding on defendants.  This subsection requires defendants to take all reasonable steps necessary to prevent discrimination and harassment from occurring.  As alleged above, defendants violated this subsection by failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring.  Within the time provided by law, plaintiff filed a Complaint with the California Department of Fair Employment and Housing and received a right–to–sue letter.

195.    As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

196.    Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

## ELEVENTH CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Eleventh Cause of Action for Wrongful Discharge in Violation of Public Policy against Defendant, UNITED AIRLINES and DOES 1-50)**

197.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 196.

198.    Plaintiff entered employment with defendants and duly performed all of the conditions of her employment.

199.    At all times mentioned in the complaint, California Constitution Article I Section 8 was in full force and effect and was binding on UNITED AIRLINES.  This section required UNITED AIRLINES to refrain from discriminating against any employee on the basis of sex, race, religious creed, color or national or ethnic origin.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

200. Plaintiff believes and thereon alleges that her age, sex, race, religious creed, color, disability or national or ethnic origin was a factor in UNITED AIRLINES 's discriminatory and harassing treatment of her which consisted of, but was not limited to unfounded complaints made against Plaintiff concerning Plaintiff's work; harassment of Plaintiff about work related issues, differential treatment of Plaintiff compared to other employees outside of her protected class, retaliation against Plaintiff, denial of advancement, promotions and other benefits and UNITED AIRLINES 's decision to terminate her. Such discrimination is in violation of the public policy of the State of California as reflected in California Constitution Article I, Section 8, and has resulted in damages and injury to Plaintiff as alleged herein.

201. UNITED AIRLINES's actions violated the provisions of the Fair Employment and Housing Act (FEHA) (Government Code §§12900-12966).

202. The actions alleged in Paragraphs 1 – 201 above, specifically the fact that Plaintiff was continually subjected to discrimination and harassment by UNITED AIRLINES caused Plaintiff to be wrongfully discharged from her employment in violation of public policy. Plaintiff was in essence effectively discharged in retaliation for attempting to exercise her fundamental right to be free from disability, age, gender and race discrimination and harassment.

WHEREFORE, plaintiff prays for judgment as follows:

1. Compensatory damages for back pay, according to proof,

2. Compensatory damages for physical and emotional injuries and accompanying pain and suffering, according to proof,

3. For medical and related expenses according to proof,

4. For loss of earnings according to proof,

5. For compensatory damages for race, age gender and disability discrimination according to proof,

6. For employment reinstatement,

7. For reasonable attorney fees, and for costs of suit incurred

8. For exemplary damages; and

9. For such other and further relief as the Court may deem proper and just.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

## REQUEST FOR JURY TRIAL

Plaintiff SAVITA RAJ requests a trial by jury on all causes of action.

Dated: January 23, 2018,

Michael J. Reed
Attorney for Plaintiff, SAVITA RAJ

(D477.006 ND)

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-37-

# EXHIBIT B

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITED AIRLINES, INC. and DOES 1-50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SAVITA RAJ

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
SAN MATEO COUNTY

JAN 2 9 2018

Clerk of the Superior Court
By MIRNA P. RIVERA-MARTINEZ
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER** *(Número del Caso):* 18CIV00439 |
|---|---|

San Mateo County Superior Court, Southern Branch of Superior Court
Hall of Justice and Records 400 County Center Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael J. Reed SBN: 122324  60 CreekTree Lane, Alamo, Ca. 94507  (925) 743-8353

| DATE: *(Fecha)* JAN 2 9 2018 | RODINA M. CATALANO Clerk, by *(Secretario)* | MIRNA P. RIVERA-MARTINEZ , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify)*: United Airlines, Inc

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
        ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Michael J. Reed SBN 122324
Attorney at Law
60 CreekTree Lane
Alamo, California 94507
Telephone: (925) 743-8353

Attorney for: Plaintiff SAVITA RAJ

**ENDORSED FILED**
**SAN MATEO COUNTY**

JAN **2 9** 2018

Clerk of the Superior Court
By _MIRNA P. RIVERA-MARTINEZ_
DEPUTY CLERK

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN MATEO

SAVITA RAJ

Plaintiff,

vs.

UNITED AIRLINES, INC. and DOES 1-50,

Defendants.

Case No. **18 C I V 0 0 4 3 9**

COMPLAINT FOR DAMAGES FOR
EMPLOYMENT DISCRIMINATION AND
HARASSMENT (VIOLATION OF FAIR
EMPLOYMENT AND HOUSING ACT); AND
REQUEST FOR JURY TRIAL

PLAINTIFF, SAVITA RAJALLEGES AS FOLLOWS:

**I**

## INTRODUCTORY ALLEGATIONS

1. Plaintiff, SAVITA RAJ (hereinafter "plaintiff") is a resident of the City of Alamo, California and was employed by Defendant UNITED AIRLINES, INC. at its business location located in San Mateo County, California until her termination on or about April 21, 2016. (Defendant UNITED AIRLINES, INC. will hereinafter be referred to for purposes of this complaint as "UNITED AIRLINES" or "Defendant"). Plaintiff is a female of Indian descent over the age of 40.

2. The true names and/or capacities, whether individual, corporate or associate or otherwise, of a defendant named in this action as Does 1 through 50, inclusive are unknown to plaintiff at this time; therefore, plaintiff sues such defendants by said fictitious names, and plaintiff will amend this complaint to show their true names and capacities upon discovery of same. Plaintiff is informed and believes, and

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

thereon alleges that each of these fictitiously named defendants is responsible in some manner for the occurrences herein alleged and that, plaintiff's injuries as herein alleged were proximately caused by the aforementioned defendants.

3.      Plaintiff is informed and believes and thereon alleges that each of the defendants herein was, at all times relevant to this action, the agent, employer, employee, representing partner, joint venturer or successor in interest of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes and thereon alleges that each of the defendants herein, gave consent to, ratified, and authorized the acts alleged herein of each of the remaining defendants.

4.      Plaintiff is informed and believes and thereon alleges that Defendants including UNITED AIRLINES are, and at all times herein mentioned in this complaint, were business entities form unknown, qualified to do business in the State of California, doing business in the State of California and as such were subject to the laws of the State of California. At all times material to this complaint, Defendants including UNITED AIRLINES were business entities form unknown, doing business in the County of San Mateo. Plaintiff is informed and believes and thereon alleges that Defendants including UNITED AIRLINES were, and at times herein mentioned in this complaint, were plaintiff's employer and were responsible in some manner for the acts and occurrences herein alleged.

5.      Defendants including UNITED AIRLINES are "employers", employing five or more persons, and as such are subject to suit under the California Fair Employment and Housing Act pursuant to California Government Code Section 12926(d).

6.      Plaintiff is informed and believes and thereon alleges that this court is the proper court because the principal place of business of defendant UNITED AIRLINES is within its jurisdictional area and/or injury to plaintiff, SAVITA RAJ occurred within its jurisdictional area.

7.      Plaintiff commenced her employment with and was employed by defendant UNITED AIRLINES continuing through April 21, 2016.

8.      At all material times, DOES 1 – 50 and other various employees, whose identities are currently unknown, were supervisory employees of defendant UNITED AIRLINES and plaintiff's supervisors and in doing the things hereinafter alleged said employees were acting as the agents of UNITED AIRLINES and COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-2-

were acting within the course and scope of that relationship.

## II

## FACTUAL ALLEGATIONS

9.     Plaintiff is informed and believes and thereon alleges that prior to being terminated by defendant UNITED AIRLINES, she was frequently assigned to perform and complete job responsibilities and tasks which her managers and supervisors knew were unrealistic, thereby creating a working environment for plaintiff which was designed with the intent of causing plaintiff to fail at her job responsibilities, and which did cause her to fail in the performance of her job responsibilities.

10.    Plaintiff is informed and believes and thereon alleges that prior to being terminated by defendant UNITED AIRLINES, she was treated unfairly from the time she commenced working for Defendant UNITED AIRLINES at its business location located in San Mateo, California until her termination on or about April 21, 2016.

11.    Plaintiff is informed and believes and thereon alleges that this unfair, discriminatory and harassing actions, treatment, remarks and conduct made by Defendants' employees included but were not limited to the discriminatory and harassing actions and remarks and conduct alleged by plaintiff to have occurred during her employment at UNITED AIRLINES, as reflected in her DFEH Complaint of Discrimination.

12.    Plaintiff is informed and believes and thereon alleges that in her DFEH Complaint of Discrimination plaintiff substantively reported that;

"Complainant alleges:

1. Respondent United Air Lines is a Private Employer subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around April 21, 2016, complainant alleges that respondent took the following adverse actions against complainant: Discrimination, Harassment, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation, Denied reinstatement, Terminated. Complainant believes respondent committed these actions because of their: Age - 40 and over, Color, Disability, National Origin - Including language use

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-3-

1   restrictions, Race, Sex - Gender.

2   13.     Plaintiff is informed and believes and thereon alleges that in her DFEH Complaint of Discrimination

3   plaintiff substantively reported that;

4   "Complainant alleges:

5           3. Complainant Savita Raj resides in the City of Alamo, State of California. If complaint

6   includes co-respondents please see below.

7   Additional Complaint Details:

8   I believe that I was wrongfully terminated, discriminated against, harassed, retaliated against and denied an

9   employment environment free from discrimination and harassment on the basis of my protected

10  characteristics identified above. I further believe that I complained to my employer about my various

11  disabilities and conditions affecting my ability to work and my employer failed to accommodate me and

12  refused to engage me in a good faith interactive process to determine reasonable accommodation. I believe

13  that I was subjected to a continual hostile work environment that pervaded my workplace and that I was

14  terminated due to discrimination, harassment and retaliation. As a result I have suffered both economic and

15  non-economic losses and damages, and I was denied reinstatement."

16  14.     Furthermore, plaintiff is informed and believes and thereon alleges that the following summaries

17  best describes the discrimination, harassment and retaliation she experienced during the course of her

18  employment with UNITED AIRLINES.

19  15.     During the course and scope of plaintiff's employment was under the care of Dr. Kevin Haggerty.

20  16.     On or about April 7, 2012, plaintiff received a 14G (which is a counseling for minor infractions.)

21  17.     On or about July 3, 2012, plaintiff received a Level 1.

22  18.     On or about September 20, 2012, plaintiff received a Level 2.

23  19.     On or about March 7, 2013, plaintiff received a Level 3.

24  20.     On or about February 4, 2014, plaintiff received a Proposed Level 4 Hearing.  A Level 4 was issued

25  April 2014.

26  21.     On or about April 21, 2016, plaintiff was discharged from United Air Lines purportedly for

27  dependability reasons..

28  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
    (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-4-

22.    Throughout the entire period of plaintiff's employment, plaintiff was under the care of Dr. Haggerty and two (2) other medical professionals.

23.    Throughout the entire period of plaintiff's employment, defendants had been advised of plaintiff's illness and disabilities and plaintiff had provided full disclosure regarding her illness and disabilities to defendants, and defendant was aware that plaintiff was treating for her various illness and disabilities.

24.    On or about March 13, 2016, plaintiff was harassed and sent home by Dwayne Hinchcliff, the Foreman on Dk. 7. This harassing action and conduct included but was not limited to the following actions and conduct. He came in at the second part of my overtime shift (worked sixteen hours, eight hours Dayshift and eight hours Swing shift eight hours) Foreman Dwayne Hinchcliff from the beginning of my second shift initiated harassing actions including but not limited to:

a).    Inquiring to Lead Mechanic concerning plaintiff's payroll exception form.

b).    Inquiring to the Lead Mechanic about plaintiff's job assignment.

c).    Removing plaintiff's partner from the job assignment, who had worked with plaintiff for the first eight hour shift. (Normal procedure for working a sixteen hour day assigned mechanics stay on the job together until the job has been completed) The foreman assigned a new mechanic to work with plaintiff.

d).    Foreman sent the Lead several times to inquire about plaintiff's progress on the job. (This action is highly unusual).

e).    Foreman came on the plane several times during plaintiff's shift to inquire about the job progress. (This action is highly unusual)

f).    At the end of shift, plaintiff turned in her paperwork to the Lead. He collected paperwork from all the mechanics. Plaintiff had detailed all the information which plaintiff had accomplished on this particular job following proper procedure.

g).    At this time all mechanics have turned in their jobs, cleaned up the area and have left to allow the Leads to give the turnover to the next shift.

h).    Foreman Dwayne Hinchcliff came out of the planning office with Midnight Manager, Ed DeBono. He walked over to plaintiff and asked if the job was completed. This action was highly unusual, since

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-5-

1  normal procedure is to check with the Lead for status of all jobs and/or check paperwork in the planning
2  office for status of those job.

3  i).     The Foreman then told plaintiff that he wanted us to go up to the aircraft to take a visual look at the
4  job himself.

5  j).     With no other personnel on the aircraft or around them, the Foreman began to excessively scrutinize
6  plaintiff's work. He asked plaintiff over and over if plaintiff was going to continue working. He asked
7  plaintiff several times where plaintiff's tools were. Never once did he ask about plaintiff's partner.

8  k).     The foreman then advised plaintiff that if she was not going to continue the job she could go home
9  with twenty minutes left on her shift.

10  25.     Throughout the incidents described in the preceding paragraph, plaintiff felt singled out, excessively
11  scrutinized and harassed so plaintiff called her Chief Shop Steward, Dale Mitchell. Plaintiff explained the
12  situation to him. He advised plaintiff not to go home until it was time for plaintiff to clock out. He said he
13  would investigate it the next day.

14  26.     Foreman Dwayne Hinchcliff made a statement to Joel Silverio (Operational Manager) that plaintiff
15  was unproductive on her job, and he sent her home at 10:23 p.m.

16  27.     Scotty Tran (Temporary Foreman Dayshift) sent plaintiff home on March 12, 2016 after speaking to
17  Joel Silverio, OM because plaintiff's doctor's note didn't include the words "without restrictions".

18  28.     Plaintiff thereafter went immediately to Kaiser Emergency Room, and she received another note
19  stating she was cleared to work without restrictions. Plaintiff returned to work right after, and she
20  completed her shift.

21  29.     On or about March 15, 2016, plaintiff texted Scotty Tran stating for him to call plaintiff which he
22  did. Plaintiff advised him that she was running late. Scotty told plaintiff to come into work, and he stated
23  that he would contact the Control Center and the Sick Line that plaintiff was running late.

24  30.     Thereafter, plaintiff came into work, clocked in, filled out an exception form and completed her
25  shift.

26  31.     Thereafter, plaintiff called in sick the next two days.

27  32.     On or about March 17, 2016, Scotty called plaintiff at home, and he advised her that she needed a

28  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-6-

1    doctor's note for her absence. Scotty stated OPCMD needed plaintiff's doctor's note. Normal procedure is
2    to bring a doctor's note after three days.

3    33.    Plaintiff sent Scotty a text that same day stating that she had spoken with OPCMD (medical in
4    Chicago), and they told plaintiff that no request had been sent for further documentation because plaintiff
5    had been cleared to return to work on March 12, 2016.

6    34.    On March 15, 2016, Scotty told plaintiff that she was a no call/no show. Plaintiff had come into
7    work that day, clocked in, filled out an exception form and worked until the end of the shift.

8    35.    Scotty stated they would need OPCMD to clear plaintiff to return to work.

9    36.    Joel Silverio (Operating Manager) held plaintiff out of service for the next five days.

10   37.    Dale Mitchell (Chief Union Steward) tried several times to inquire why plaintiff was being held out
11   of service. He had several conversations with Joel, only to receive the same answer again and again that
12   OPCMD would have to clear plaintiff to return to work.

13   38.    Plaintiff returned to work on March 23, 2016, per Joel Silverio's authorization that plaintiff did not
14   have to provide additional doctor's notes.

15   39.    On March 25, 2016, Chief Steward Dale Mitchell told plaintiff that Joel Silverio had scheduled a
16   Fact Finding Meeting.

17   40.    On March 31, 2016 a Fact Finding Meeting was convened which included two union officers, Joel
18   and plaintiff. During this meeting, Joel stated Foreman Dwayne Hinchcliff had made a statement that
19   plaintiff was unproductive, and he sent plaintiff home at 10:23 p.m. on March 13, 2016. Joel stated he had
20   been checking plaintiff's productivity every day after the Foreman made this statement. John Lauren (union
21   officer) stated plaintiff rights were being procedurally violated. Plaintiff was supposed to give a statement
22   within twenty four hours. After the meeting, on March 31, 2016 plaintiff wrote her statement of what had
23   occurred with Foreman, Dwayne Hinchcliff.

24   41.    Plaintiff is informed and believes and thereon alleges that Defendant United Air Lines paid her for
25   her overtime and for being Held out Of Service almost thirty days after the infraction which is a violation of
26   Labor Law which to plaintiff's understanding states a maximum time period of seventy two hours for
27   paying an employee's next paycheck to the employee.

28   COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
     (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

                                                    -7-

42.     Plaintiff is informed and believes and thereon alleges that Bonnie Turner was the General Manager of Maintenance Operations at SFO.  Upon plaintiff's return to work on January 19, 2016, Bonnie using all of her managerial authority directed her subordinates in a concentrated effort to monitor, harass and impose her will with malice to terminate plaintiff.

43.     Plaintiff is informed and believes and thereon alleges that she was provided with documentation by her physician which was sent to OPCMD on December 24, 2015.  Thereafter, Bonnie delayed plaintiff's initial return to work date of January 1, 2016.

44.     Plaintiff is informed and believes and thereon alleges that after a long extended illness, computer training is required prior to being able to return to work on the aircraft.  Scotty Tran continuously harassed plaintiff while she was trying to accomplish this task.

45.     Plaintiff is informed and believes and thereon alleges that Scotty Tran monitored her work continuously coming up on the aircraft and specifically asking about plaintiff's progress on her job. This harassment continued until plaintiff went out sick with Strep Throat in or about mid-February to March 12, 2016.

46.     Plaintiff is informed and believes and thereon alleges that prior to being terminated, Bonnie followed plaintiff into the locker room (before Dayshift Briefing).  Her reasoning being that she was going to inspect above the lockers. Her behavior was highly unusual.

47.     Plaintiff is informed and believes and thereon alleges that Bonnie was fully cognizant of all these actions which were all stated earlier.

48.     Plaintiff is informed and believes and thereon alleges that Kathy Tetrev worked for Human Resources.

49.     Plaintiff is informed and believes and thereon alleges that Kathy was contacted to investigate plaintiff's disciplinary Level 4 and to give her recommendation to remain on that Level of discipline or termination. Being a representative of HR, plaintiff is informed and believes and thereon alleges that Kathy failed to remain neutral. Upon plaintiff's complaint against UAL with the Ethics & Compliance Department, Kathy was the HR Representative who investigated the complaint. Her final decision of no findings in

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1    plaintiff's complaint was a conflict of interest. Kathy Tetrev, throughout the entire proceedings of plaintiff's

2    termination and Ethics and Compliance Complaint was never in a position of being neutral.

3    50.    As to Dwayne Hinchcliff, plaintiff alleges that approximately ten years prior during the Christmas

4    holidays Dwayne Hinchcliff, Foreman on Dock 6 harassed her.

5    51.    Plaintiff is informed and believes and thereon alleges that when she came in for overtime on swing

6    shift between 2:00 - 10:30 p.m., Hinchcliff slowly looked her up and down and asked her why she wasn't

7    dressed. Plaintiff explained to him that she had punched in across the ramp (a two to three minute walk

8    from her assigned dock.) This action was highly unusual. Normally upon arriving to get a job assignment

9    the Lead has already set up the job assignments. In the event there is no Lead working the Foreman sets up

10   the job assignments.

11   51.    Plaintiff is informed and believes and thereon alleges that Dwayne Hinchcliff asked her several

12   times where her tools were. When plaintiff told him her tools were next door, he wanted to know why they

13   were next door. He told plaintiff she was supposed to be on time, dressed, with her tools and ready to work

14   at 2:00 p.m. This action was highly unusual as normal procedure is to collect one's job assignment, leave to

15   change, gather your toolbox and go to work.

16   52.    At that time, a mechanic (Stevie Mac) who was in the planning office said a few times (in response

17   to Hinchcliff), "She looks dressed to me even her reindeer ears are on, and I think she's dressed, Don't

18   you?" Hinchcliff did not respond.

19   53.    Plaintiff then worked the job she was assigned; she completed her shift and left work at 10:30 p.m.

20   54.    The next day, plaintiff told Elena Hammond (another mechanic on her crew) what had occurred with

21   Foreman Dwayne Hinchcliff. She encouraged plaintiff to go to HR. Elena was angry and let plaintiff know

22   that Hinchcliff could lose his job for his behavior. Plaintiff chose to let management know.

23   55.    Later that morning, plaintiff walked into Joe Casebeer's office and told him what had occurred the

24   previous day with Foreman Dwayne Hinchcliff. Plaintiff told him she didn't want to file a complaint with

25   HR. Plaintiff let Joe know she felt dirty, humiliated and embarrassed by the incident. Plaintiff told him the

26   planning office had other mechanics present. She gave him Stevie Mac's name as a witness to what had

27   occurred.

28   COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
     (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

56.     Joe Casebeer told plaintiff that since she had informed him about this behavior of Hinchcliff, that since he was management, he had no choice but to report it. He said Dwayne Hinchcliff was wrong for his comments, eyeing plaintiff with, (as Joe put it "Elevator Eyes") and making her feel very uncomfortable.

57.     A few weeks later, plaintiff was told by a shop steward that Hinchcliff had to take zero tolerance classes. Plaintiff never saw him again until March 13, 2016.

58.     As to, Foreman Robert Barron, plaintiff alleges that Foreman Robert Barron sexually harassed her approximately twenty years ago. Plaintiff filed charges with HR, shop steward Wanda Withers who was present.

59.     Plaintiff is informed and believes and thereon alleges that Foreman Robert Barron called her at home on her day off. This action was highly unusual. Foreman Robert Barron asked plaintiff what she was wearing twice. Twice plaintiff responded my pajamas. Both times Foreman Robert Barron told plaintiff that was not what he wanted to hear. This action was highly unusual.

60.     Plaintiff is informed and believes and thereon alleges that Foreman Robert Barron then asked plaintiff to meet him for lunch at Jack London Square in Oakland. Plaintiff refused. This action was highly unusual.

61.     Plaintiff then told Foreman Robert Barron if he ever asked her questions like that or asked her to meet him again, she would report him to HR. Plaintiff told him that he had no right to speak to her in this manner.

62.     The next day at work plaintiff's shop steward, Wanda Withers told plaintiff that Foreman Robert Barron wanted to see her in the foreman's office to give her a level. Plaintiff told her what has occurred the day before with Foreman Robert Barron when he had called plaintiff at home.

63.     Foreman Robert Barron gave plaintiff a level. In the office he told Wanda and plaintiff that he wanted another foreman present to witness this meeting to give plaintiff a Level. The witness was Foreman Dave Cuellar. This action was highly unusual. Normal procedure is to have a shop steward present.

64.     Immediately thereafter plaintiff was given a Level from Foreman Barron. Plaintiff then went to Human Resources to file sexual harassment and retaliation charges against him.

65.     Plaintiff and Wanda filed the harassment and retaliation charges with Ella Patel. She was the Human

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1  Resources representative. Ella told them that plaintiff's complaint would be investigated. She told plaintiff

2  that she would get back to them as soon as she had interviewed all parties involved.

3  66.    A few weeks later Ella Patel from Human Resources and Operating Manager, Vince Villagua

4  advised plaintiff's shop steward and plaintiff that the investigation was completed. Ella told plaintiff and

5  Wanda that she had spoken to Bob, and there was no evidence of sexual harassment or retaliation. The

6  decision was final.

7  67.    Plaintiff's shop steward expressed her disagreement with Ella Patel. She told Ella there were phone

8  records to prove Foreman Robert Barron had called plaintiff at home on her day off.

9  68.    Upon returning back to work after a few days off plaintiff's shop steward told her that Foreman

10  Robert Barron had been transferred to another dock. This was highly unusual. Foreman Robert Barron had

11  been cleared of any charges. Normal procedure is for the foreman in question to remain on the dock.

12  69.    A few weeks later Foreman Robert Barron was no longer working for UAL. Plaintiff's shop steward

13  believed he was forced to retire. Wanda tried to find out from management as well as the union what had

14  happened with Foreman Robert Barron. She never received an answer from anyone.

15  70.    As to, Joanne Borg Operating Manager Jet Shop PW2000 Stalls, plaintiff is informed and believes

16  and thereon alleges that Joanne Borg used all of her managerial authority in a concentrated effort to monitor,

17  harass and impose her will with malice to terminate plaintiff.

18  71.    Approximately 2007 (10yrs. ago) Joanne called me into her office and accused her of working

19  overtime she did not authorize. She had been checking plaintiff's punch in/out every day. This action was

20  highly unusual. Normal procedure is for the foreman to correct any discrepancies a mechanic brings to their

21  attention.

22  72.    Plaintiff is informed and believes and thereon alleges that on one occasion she told Joanne that she

23  had stayed until 9:00 a.m. that particular day so that plaintiff could stop at Costco on her way home.

24  Plaintiff was not working. Plaintiff was in the women's locker room. Joanne asked plaintiff again several

25  times if plaintiff had worked overtime. Plaintiff replied that she had not.

28  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-11-

73.     Plaintiff is informed and believes and thereon alleges that Joanne told her Foreman, Ansel Knight that plaintiff was not to leave her work area until 6:15 a.m. This action was highly unusual. Normal punch out time is 6:30 a.m. Mechanics leave the work area by 6:00 a.m. to allow the turnover to dayshift.

74.     Plaintiff is informed and believes and thereon alleges that several times in the following months, plaintiff was told again and again by Foreman Ansel Knight that she was not to leave her work area before 6:15 a.m. per the Operating Manager, Joanne Borj. This action was highly unusual.

75.     Joanne told plaintiff's foreman, Ansel Knight that Steve Daly and Kathy Cassey, both Operating Managers for the Jet Shop Dayshift, had seen plaintiff leaving her work area several times before 6:15 a.m. This action was highly unusual. Normal procedure is that upper management does not get involved in the day to day actions of individual mechanics.

76.     Subsequently, after a few months had passed, during this time period plaintiff was still being harassed by Joanne for the same thing, which was leaving her work area before 6:00 a.m. Plaintiff asked Joanne why she was harassing her. Plaintiff informed her that UAL was required, per the union contract that mechanics had to be provided reasonable accommodations for changing before and after work. There were no women's locker rooms in the Jet Shop allowing privacy to change.

77.     Joanne told plaintiff she could change behind the shower curtain in the new women's locker room. Plaintiff responded that there was no privacy there. The locker room door opened directly in full view of the lockers. This was also the main women's restroom in the Jet Shop.

78.     Plaintiff asked Joanne for a meeting with her, Steve Daly and Kathy Cassey to discuss this matter further. Joanne said she would try to arrange a meeting. Months passed, plaintiff was not told again she must not leave her work area before 6:15 a.m.

79.     From January to June of 2009, plaintiff received three (3) Levels. Joanne Borg, in a constant concentrated effort instructed Attendance Management (Ella Patel was in charge of this Dept.) to issue plaintiff these Levels. This action is highly unusual. Normal procedure is to allow the mechanic time for improvement. Foreman Ansel Knight told plaintiff that he was being forced by Joanne to issue plaintiff these levels.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-12-

80.    Foreman Knight advised plaintiff that Joanne was watching her and excessively checking plaintiff's attendance every day. This was highly unusual.

81.    Ansel initiated a proposed Level 4 hearing a few months later. The hearing took place and plaintiff was given a Level for after the hearing. This was highly unusual. Normal procedure is counsel the mechanic several times and allow time for improvement.

82.    Plaintiff transferred from the Jet Shop to the docks prior to her Level 4 hearing.  Plaintiff was afraid she would be fired if she had stayed in the Jet Shop.

83.    Plaintiff was under a doctor's care from John Muir Medical Center after her father passed away in December of 2008.  UAL (the Jet Shop management) was aware of plaintiff's severe depression and anxiety.  During plaintiff's time working in the Jet Shop, plaintiff went through a divorce, her father passed away, and she lost her home.

84.    Plaintiff is informed and believes and thereon alleges that the constant discrimination, harassment, retaliation and excessive monitoring of her work and her whereabouts at all times took its toll on plaintiff mentally, emotionally and physically. Plaintiff is informed and believes and thereon alleges that she was subjected to excessive scrutiny while in defendant's employ, and that this excessive scrutiny by management was discriminatorily motivated by illegal consideration of plaintiff's age, race, national origin, gender and her various disabilities.  Starting in 2011 plaintiff was under the care of Kaiser Hospital which included plaintiff's primary physician and two other medical doctors. After transferring to the docks, plaintiff was once again subject to harassment by yet another OM, Bonnie Turner.

85.    In 2014 plaintiff resorted to EIS to address her work occasioned depression and anxiety for sixteen months. Upon returning to work on January 19, 2016, plaintiff was terminated in less than three months following her return to work which included an absence for strep throat.

86.    Plaintiff is informed and believes and thereon alleges that the blatant malicious intent to terminate plaintiff's employment was driven by Bonnie Turner with the assistance and collaboration and help of Joel Silverio, Ella Patel and Kathy Tetrev. This highly unusual concerted behavior was a concentrated and collaborative effort to terminate plaintiff, a hard working mechanic of twenty seven years who had been deliberately and intentionally subjected to continual and systemic discrimination, harassment, retaliation,

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

sexual harassment as a female, and a minority mechanic suffering from job induced stress and mental illness.

87.     Plaintiff is informed and believes and thereon alleges that on or about April 21, 2016, UNITED AIRLINES terminated plaintiff's employment with finality due in large part to her physical and mental disabilities and or the symptomatology occasioned by her physical and mental disabilities.

## FIRST CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S First Cause of Action for Employment Discrimination On The Basis of Medical Condition, Physical Disability; Violation of Fair Employment and Housing Act against Defendant UNITED AIRLINES and DOES 1-50)**

88.     Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 87.

89.     During the course of her employment, plaintiff learned that she had the following medical condition physical disability, disorder or condition: (a physical and/or mental disability related to stress and anxiety); plaintiff's medical conditions and disabilities qualified as medical conditions and/or both a "physical disability" and/or "mental disability" as these terms "physical disability" and "mental disability" are defined in California Government Code section 12926. Specifically, during her employment with defendant, Plaintiff had a physiological disease, disorder, or condition affecting her cardiovascular body system which limited her ability to engage in and perform many of her major life activities, including but not limited to physical, mental, and social activities and working and which made the achievement of these major life activities difficult for her. Plaintiff's disabilities affected her ability to work and made working more difficult for her. During her employment, Plaintiff's symptoms related to her various physical disabilities increased in intensity and substantially affected her ability to work and perform her work related responsibilities.

90.     At all times relevant, Plaintiff was an individual with a "disability" within the meaning of Government Code §12940 et seq. Plaintiff had an impairment which substantially limited one or more major life activities, had a record of such an impairment and was regarded by Defendants as having such an impairment. Plaintiff was also a "qualified individual with a disability." More specifically, at all times herein mentioned, Plaintiff was an individual with a disability who, with reasonable accommodation could perform the essential functions of her

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1   employment position.  Despite, advising Defendants and providing required documentation of her need for

2   accommodation, Defendants failed and refused to provide plaintiff with any accommodation.

3   91.     Following Plaintiff's affliction of the physical disabilities as set forth above, and at all times

4   thereafter, UNITED AIRLINES was aware of Plaintiff's physical disabilities set forth above because

5   Plaintiff informed UNITED AIRLINES of her physical disabilities, and UNITED AIRLINES was aware

6   that Plaintiff was being treated for her physical disabilities.  Throughout the period that plaintiff was

7   employed by UNITED AIRLINES, UNITED AIRLINES knew Plaintiff suffered from the physical

8   disabilities set forth above that limited her ability to engage in and perform many of her major life activities,

9   including but not limited to physical, mental, and social activities and working, and which made the

10  achievement of these major life activities difficult for her.  UNITED AIRLINES knew Plaintiff's disabilities

11  affected her ability to work and made working more difficult for her.  Throughout the period that plaintiff

12  was employed by UNITED AIRLINES, UNITED AIRLINES thought that Plaintiff suffered from the

13  physical disabilities set forth above that limited her ability to engage in and perform many of her major life

14  activities, including but not limited to physical, mental, and social activities and working and which made

15  the achievement of these major life activities difficult for her. UNITED AIRLINES was aware that plaintiff

16  was limited by her physical disabilities.

17  92.     During her employment and at all times relevant, Plaintiff was able to perform her essential job duties

18  with reasonable accommodation for her condition.  At all times herein mentioned plaintiff was qualified for

19  her position with UNITED AIRLINES based upon her education, training and experience.

20  93.     At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of

21  her employment if such reasonable accommodation had been made by UNITED AIRLINES.  At no time

22  would the performance of the functions of the employment position, with a reasonable accommodation for

23  Plaintiff's physical disability have been a danger to Plaintiff's, or any other person's health or safety, nor

24  would it have created an undue hardship to the operation of UNITED AIRLINES 's business.

25  94.     UNITED AIRLINES failed to reasonably accommodate Plaintiff's needs based on her physical

26  disabilities.

27

28  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
    (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

95.     On or about April 21, 2016, Plaintiff was terminated from her position with UNITED AIRLINES because Defendant UNITED AIRLINES failed and refused to make any accommodation for Plaintiff's disabilities, and plaintiff was terminated from her employment because of her physical disabilities.

96.     Plaintiff's physical disability, disorder or condition:: (a physical and/or mental disability related to stress and anxiety); a medical disability or condition affecting her cardiovascular body system for which she was taking prescribed medications and a mental disability related to stress and anxiety, or plaintiff's history of this physical disability, disorder or condition was a substantial motivating reason for the discharge of plaintiff from her employment on or about April 21, 2016.  Defendant UNITED AIRLINES's belief that plaintiff had a history of a physical disability, disorder or condition: (a physical and/or mental disability related to stress and anxiety) for which she was taking prescribed medications and a mental disability related to stress and anxiety was a substantial motivating reason for the discharge of plaintiff from her employment on or about April 21, 2016.

97.     UNITED AIRLINES  in violation of California Govt. Code § 12940(n), failed to make any offer of reasonable accommodation to plaintiff, failed to make any determination whether a vacant position existed within its organization for which the plaintiff was qualified and which the plaintiff was capable of performing with or without accommodation and failed to engage in a "timely, good faith, interactive process" to determine effective reasonable accommodations with plaintiff who had a known (to her employer) disability and who had requested accommodation.

98.     Plaintiff's termination by UNITED AIRLINES constituted discrimination and disparate treatment. Plaintiff is informed and believes and thereon alleges that UNITED AIRLINES 'S refusal to accommodate her physical disabilities constituted discrimination and disparate treatment.

99.     Furthermore, throughout the period of plaintiff's employment, plaintiff was harassed on a daily basis due to her disability.  Plaintiff was made to work harder than other non-disabled employees, and she was singled out for unfair and excessive criticism by her managers and supervisors.  There were occasions when plaintiff would experience pain, hurt and discomfort related to her physical disability, disorder or condition, which pain, hurt and discomfort related to her physical disability was exacerbated by plaintiff having to work long and excessive hours, and which pain, hurt and discomfort related to her physical disability limited

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

plaintiff's ability to perform her job responsibilities and made working for her exceedingly difficult.  On these occasions, plaintiff requested accommodation in the form of a modified work schedule, change in job assignments and time off of work or leave of absences, and in response plaintiff was denied her specific requests for accommodation and suffered adverse treatment from her managers, co-workers and others.  In retaliation for having requested accommodation for her physical disabilities, plaintiff was treated unfairly.

100.     Defendants, by their continued acts and/or omissions described in the paragraphs above and herein, intentionally created and tolerated a hostile work environment to plaintiff based upon plaintiff's disability, which denied plaintiff equal employment opportunities, by their failure to provide a work environment free from discrimination that was provided to other non-disabled employees, similarly situated to plaintiff. Examples included, but were  not limited to: Plaintiff was refused requests for transfer and job reassignment, refused accommodation, unfairly criticized, disciplined, assigned unfair job responsibilities, intimidated, other employees were encouraged not to associate with her; and plaintiff was refused the same opportunities as other non-disabled employees, similarly situated.

101.     Defendants' policy of allowing unequal treatment of protected class members based upon disability under California law and their intentional failure to remedy such unequal treatment, violates Government Code § 12940 et seq., and other state statutes proscribing illegal, antidiscrimination, retaliation and wrongful conduct.

102.     Each discriminatory act independently establishes a separate basis for recovery in that each act denied plaintiff a work environment free from, including not limited to, discrimination, harassment, hostility, emotional distress, safe and healthful work environment, the same opportunity for success in employment as other non-disabled employees, similarly situated.

103.     UNITED AIRLINES knew or should have known of these discriminatory and harassing actions because plaintiff's managers', supervisors', co-workers' and others' discriminatory and harassing behavior was brought directly to the attention of UNITED AIRLINES. Despite UNITED AIRLINES's actual and constructive knowledge of the aforementioned discrimination and harassment and the knowledge of its supervisors and agents, UNITED AIRLINES failed to take immediate and appropriate corrective action to stop the discrimination and harassment from occurring.  Furthermore, before the discrimination and

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1  harassment occurred, UNITED AIRLINES failed to take all reasonable steps to prevent such discrimination

2  and harassment from occurring.

3  104.   UNITED AIRLINES 's discriminatory and harassing actions against Plaintiff, as alleged above,

4  constituted unlawful discrimination in employment on account of physical disability in violation of

5  Government Code Section 12940(a).

6  105.   As a proximate result of UNITED AIRLINES 's discriminatory and harassing actions against

7  plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable

8  losses, including, but not limited to: losses in earnings, wages, salary, commissions, bonuses, deferred

9  compensation and other employment benefits, injuries to plaintiff's protected·property interests, general

10  damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession

11  and occupation, the expenses plaintiff has incurred mitigating the conduct of UNITED AIRLINES , losses

12  incurred seeking substitute employment and loss of earnings, deferred compensation and other employment

13  benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in

14  prosecuting this action, interest on the amount of losses incurred in earnings, deferred compensation and

15  other employee benefits, the interest on borrowed money, the value of plaintiff's time in prosecuting this

16  action, the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other

17  economic losses, other incidental expenses and other special and general damages.  Plaintiff's substantial

18  compensable losses are in amounts not fully ascertained.

19  106.   As a further proximate result of UNITED AIRLINES 's discriminatory and harassing actions against

20  plaintiff as alleged above, plaintiff has suffered, and continues to suffer, embarrassment, mortification,

21  indignity, humiliation, severe physical, mental and emotional distress, discomfort and irreparable injury to

22  her business reputation, all to her detriment and damage in amounts not fully ascertained, and for which

23  plaintiff has been forced to seek personal, medical and related care and treatment and plaintiff has incurred

24  and will continue to incur expenses therefore.

25  107.   Defendant's decisions and conduct as set forth above were a substantial factor in causing plaintiff's

26  harm.

27

28  COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
   (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

108.    On or about April 17, 2017, and within one year of the date of the last act in the continuing pattern and practice of discrimination herein alleged against defendants by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereafter, DFEH) against all named defendants.

109.    On or about April 17, 2017, the DFEH issued to plaintiff a notice of right to bring a civil action against all named defendants based on the charges of discrimination filed with the DFEH.

110.    The unlawful employment practices complained of above were intentional.

## SECOND CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Second Cause of Action for Harassment On The Basis of Physical Disability and Medical Condition; Violation of Fair Employment and Housing Act against Defendant UNITED AIRLINES and DOES 1-50)**

111.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 110.

112.    During the course of her employment, plaintiff learned that she had the following medical condition physical disability, disorder or condition: (a physical and/or mental disability related to stress and anxiety); plaintiff's medical conditions and disabilities qualified as medical conditions and/or both a "physical disability" and/or "mental disability" as these terms "physical disability" and "mental disability" are defined in California Government Code section 12926. Specifically, during her employment with defendant, Plaintiff had a physiological disease, disorder, or condition affecting her cardiovascular body system which limited her ability to engage in and perform many of her major life activities, including but not limited to physical, mental, and social activities and working and which made the achievement of these major life activities difficult for her. Plaintiff's disabilities affected her ability to work and made working more difficult for her. During her employment, Plaintiff's symptoms related to her various physical disabilities increased in intensity and substantially affected her ability to work and perform her work related responsibilities.

113.    At all times relevant, Plaintiff was an individual with a "disability" within the meaning of Government Code §12940 et seq. Plaintiff had an impairment which substantially limited one or more major life activities, had a record of such an impairment and was regarded by Defendants as having such an impairment. Plaintiff

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

was also a "qualified individual with a disability." More specifically, at all times herein mentioned, Plaintiff was an individual with a disability who, with reasonable accommodation could perform the essential functions of her employment position. Despite advising Defendants and providing required documentation of her need for accommodation, Defendants failed and refused to provide plaintiff with any accommodation.

114.    Following Plaintiff's affliction of the physical disabilities as set forth above, and at all times thereafter, UNITED AIRLINES was aware of Plaintiff's physical disabilities set forth above because Plaintiff informed UNITED AIRLINES of her physical disabilities, and UNITED AIRLINES was aware that Plaintiff was being treated for her physical disabilities. Throughout the period that plaintiff was employed by UNITED AIRLINES, UNITED AIRLINES knew Plaintiff suffered from the physical disabilities set forth above that limited her ability to engage in and perform many of her major life activities, including but not limited to physical, mental, and social activities and working, and which made the achievement of these major life activities difficult for her. UNITED AIRLINES knew Plaintiff's disabilities affected her ability to work and made working more difficult for her. Throughout the period that plaintiff was employed by UNITED AIRLINES, UNITED AIRLINES thought that Plaintiff suffered from the physical disabilities set forth above that limited her ability to engage in and perform many of her major life activities, including but not limited to physical, mental, and social activities and working and which made the achievement of these major life activities difficult for her. UNITED AIRLINES was aware that plaintiff was limited by her physical disabilities.

115.    During her employment and at all times relevant, Plaintiff was able to perform her essential job duties with reasonable accommodation for her condition. At all times herein mentioned plaintiff was qualified for her position with UNITED AIRLINES based upon her education, training and experience.

116.    At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her employment if such reasonable accommodation had been made by UNITED AIRLINES. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's physical disability have been a danger to Plaintiff's, or any other person's health or safety, nor would it have created an undue hardship to the operation of UNITED AIRLINES 's business.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

117.   UNITED AIRLINES failed to reasonably accommodate Plaintiff's needs based on her physical disabilities.

118.   On or about April 21, 2016, Plaintiff was terminated from her position with UNITED AIRLINES because Defendant UNITED AIRLINES failed and refused to make any accommodation for Plaintiff's disabilities, and plaintiff was terminated from her employment because of her physical disabilities.

119.   Plaintiff's physical disability, disorder or condition: : (a physical and/or mental disability related to stress and anxiety); a medical disability or condition affecting her cardiovascular body system for which she was taking prescribed medications and a mental disability related to stress and anxiety, or plaintiff's history of this physical disability, disorder or condition was a substantial motivating reason for the discharge of plaintiff from her employment on or about April 21, 2016.   Defendant UNITED AIRLINES's belief that plaintiff had a history of a physical disability, disorder or condition: (a physical and/or mental disability related to stress and anxiety) for which she was taking prescribed medications and a mental disability related to stress and anxiety was a substantial motivating reason for the discharge of plaintiff from her employment on or about April 21, 2016.

120.   UNITED AIRLINES  in violation of California Govt. Code § 12940(n), failed to make any offer of reasonable accommodation to plaintiff, failed to make any determination whether a vacant position existed within its organization for which the plaintiff was qualified and which the plaintiff was capable of performing with or without accommodation and failed to engage in a "timely, good faith, interactive process" to determine effective reasonable accommodations with plaintiff who had a known (to her employer) disability and who had requested accommodation.

121.   Plaintiff's termination by UNITED AIRLINES constituted discrimination and disparate treatment. Plaintiff is informed and believes and thereon alleges that UNITED AIRLINES 'S refusal to accommodate her physical disabilities constituted discrimination and disparate treatment.

122.   Furthermore, throughout the period of plaintiff's employment, plaintiff was harassed on a daily basis due to her disability.  Plaintiff was made to work harder than other non-disabled employees, and she was singled out for unfair and excessive criticism by her managers and supervisors. There were occasions when plaintiff would experience pain, hurt and discomfort related to her physical disability, disorder or condition,

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-21-

1    which pain, hurt and discomfort related to her physical disability was exacerbated by plaintiff having to

2    work long and excessive hours, and which pain, hurt and discomfort related to her physical disability limited

3    plaintiff's ability to perform her job responsibilities and made working for her exceedingly difficult. On

4    these occasions, plaintiff requested accommodation in the form of a modified work schedule, change in job

5    assignments and time off of work or leave of absences, and in response plaintiff was denied her specific

6    requests for accommodation and suffered adverse treatment from her managers, co-workers and others. In

7    retaliation for having requested accommodation for her physical disabilities, plaintiff was treated unfairly.

8    123.    Defendants, by their continued acts and/or omissions described in the paragraphs above and herein,

9    intentionally created and tolerated a hostile work environment to plaintiff based upon plaintiff's disability,

10   which denied plaintiff equal employment opportunities, by their failure to provide a work environment free

11   from discrimination that was provided to other non-disabled employees, similarly situated to plaintiff.

12   Examples included, but were  not limited to: Plaintiff was refused requests for transfer and job

13   reassignment, refused accommodation, unfairly criticized, disciplined, assigned unfair job responsibilities,

14   intimidated, other employees were encouraged not to associate with her; and plaintiff was refused the same

15   opportunities as other non-disabled employees, similarly situated.

16   124.    Defendants' policy of allowing unequal treatment of protected class members based upon disability

17   under California law and their intentional failure to remedy such unequal treatment, violates Government

18   Code § 12940 et seq., and other state statutes proscribing illegal, antidiscrimination, retaliation and wrongful

19   conduct.

20   125.    Each discriminatory act independently establishes a separate basis for recovery in that each act

21   denied plaintiff a work environment free from, including not limited to, discrimination, harassment,

22   hostility, emotional distress, safe and healthful work environment, the same opportunity for success in

23   employment as other non-disabled employees, similarly situated.

24   126.    UNITED AIRLINES knew or should have known of these discriminatory and harassing actions

25   because plaintiff's managers', supervisors', co-workers' and others' discriminatory and harassing behavior

26   was brought directly to the attention of UNITED AIRLINES. Despite UNITED AIRLINES's actual and

27   constructive knowledge of the aforementioned discrimination and harassment and the knowledge of its

28   COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
     (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

supervisors and agents, UNITED AIRLINES failed to take immediate and appropriate corrective action to stop the discrimination and harassment from occurring.  Furthermore, before the discrimination and harassment occurred, UNITED AIRLINES failed to take all reasonable steps to prevent such discrimination and harassment from occurring.

127.    UNITED AIRLINES's discriminatory and harassing actions against Plaintiff, as alleged above, constituted unlawful discrimination in employment on account of physical disability in violation of Government Code Section 12940(a).

128.    As a proximate result of UNITED AIRLINES's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, bonuses, deferred compensation and other employment benefits, injuries to plaintiff's protected property interests, general damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession and occupation, the expenses plaintiff has incurred mitigating the conduct of UNITED AIRLINES , losses incurred seeking substitute employment and loss of earnings, deferred compensation and other employment benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits, the interest on borrowed money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses, other incidental expenses and other special and general damages.  Plaintiff's substantial compensable losses are in amounts not fully ascertained.

129.    As a further proximate result of UNITED AIRLINES's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has suffered, and continues to suffer, embarrassment, mortification, indignity, humiliation, severe physical, mental and emotional distress, discomfort and irreparable injury to her business reputation, all to her detriment and damage in amounts not fully ascertained, and for which plaintiff has been forced to seek personal, medical and related care and treatment and plaintiff has incurred and will continue to incur expenses therefore.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-23-

130.    Defendant's decisions and conduct as set forth above were a substantial factor in causing plaintiff's harm.

131.    On or about April 17, 2017, and within one year of the date of the last act in the continuing pattern and practice of discrimination herein alleged against defendants by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereafter, DFEH) against all named defendants.

132.    On or about April 17, 2017, the DFEH issued to plaintiff a notice of right to bring a civil action against all named defendants based on the charges of discrimination filed with the DFEH.

133.    The unlawful employment practices complained of above were intentional.

## THIRD CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Third Cause of Action for Employment Discrimination On The Basis of Race/National Origin, Violation of Fair Employment and Housing Act against Defendant UNITED AIRLINES and DOES 1-50)**

134.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 133.

135.    Throughout the period that plaintiff was employed by UNITED AIRLINES, UNITED AIRLINES acting through its agents and plaintiff's managers, supervisors, co-workers and others engaged in intentional acts with the intent of discriminating against and harassing plaintiff on account of her race/national origin in violation of the provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900-12996).  Such discrimination and harassment consisted of, but was not limited to, unfounded complaints made against plaintiff concerning plaintiff's work, retaliation against plaintiff, denial of advancement, transfer, promotions, severance package, retirement package and other benefits, and repeated acts of harassment and discrimination directed at plaintiff which for her created a hostile work environment and which resulted in her termination on or about April 21, 2016.

136.    During the entire period of plaintiff's employment, plaintiff's work was highly acceptable and satisfactory as repeatedly reported to plaintiff during numerous individual and supervisory meetings during the course of plaintiff's employment.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

137.   Plaintiff was treated in a disparate manner and subjected to UNITED AIRLINES's unfair policies and practices in that plaintiff was treated unequal and unlike employees outside of plaintiff's protected classifications.  Said unfair policies and practices both limited plaintiff in her job classifications, job assignments and other benefits.

138.   As a result of UNITED AIRLINES's policies and practices plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of her race/national origin.

139.   UNITED AIRLINES 's discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of race/national origin in violation of the Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996).

140.   During the aforementioned dates, UNITED AIRLINES also subjected plaintiff to differential treatment. UNITED AIRLINES made its employment decisions related to the imposition of discipline and termination solely on the basis of improper consideration of the race/national origin of plaintiff, and completely subjective analysis in willful disregard of leadership qualities, merit, past record, qualification, reaction of other employees etc. No fair and objective standards were used for decisions related to the imposition of discipline and termination. UNITED AIRLINES's decision making process related to discipline was a primary source of discrimination which resulted in an improper denial of advancement opportunities to employees of plaintiff's race and national origin.

141.   As a proximate result of UNITED AIRLINES's discriminatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages, salary, benefits, and additional amounts of money plaintiff would have received had she not been terminated.  As a result of such discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

142.   As a further proximate result of UNITED AIRLINES 's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such discrimination and consequent harm plaintiff has suffered damages in an amount according to proof.

143.   As a proximate result of UNITED AIRLINES 's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1 losses, including, but not limited to: losses in earnings, wages, salary, commissions, bonuses, deferred

2 compensation and other employment benefits, injuries to plaintiff's protected property interests, general

3 damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession

4 and occupation, the expenses plaintiff has incurred mitigating the conduct of UNITED AIRLINES , and loss

5 of earnings, deferred compensation and other employment benefits, the attorneys' fees and other litigation

6 expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the amount

7 of losses incurred in earnings, deferred compensation and other employee benefits, the interest on borrowed

8 money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has incurred and

9 will continue to incur in prosecuting this action; other economic losses, other incidental expenses and other

10 special and general damages. Plaintiff's substantial compensable losses are in amounts not fully

11 ascertained.

12 144.    On or about April 17, 2017, and within one year of the date of the last act of the continuing pattern

13 and practice of discrimination and harassment herein alleged against defendant by plaintiff, plaintiff filed a

14 charge of discrimination with the California Department of Fair Employment and Housing (hereinafter,

15 "DFEH").

16 145.    On or about April 17, 2017, the DFEH issued to plaintiff a notice of right to bring a civil action

17 against the defendant based on the charge of discrimination filed with the DFEH.

18 <div align="center">**FOURTH CAUSE OF ACTION**</div>

19 <div align="center">**(Plaintiff SAVITA RAJ'S Fourth Cause of Action for Race/National Origin Harassment, Violation of Fair Employment and Housing Act against Defendant UNITED AIRLINES and DOES 1-50)**</div>

20

21 146.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the

22 allegations, and each of them, contained in paragraphs 1 through 145.

23 147.    At all times mentioned in this complaint, Government Code sections 12940 et seq. were in full force

24 and effect and were binding on defendants. These sections require defendants to refrain from discriminating

25 against and harassing any employee on the basis of race/national origin, among other things. Within the

26 time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and

27 Housing, in full compliance with these sections, and received a right–to–sue letter.

28 COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

148.     During the course of plaintiff's employment, defendants created and allowed to exist a hostile environment based on race/national origin; and defendants discriminated against and harassed plaintiff on the basis of plaintiff's race/national origin.  Such discrimination and harassment was in violation of Government Code section 12940 et seq. and the public policy embodied therein, and has resulted in damage and injury to plaintiff as alleged herein.

149.     As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

150.     Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

## FIFTH CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Fifth Cause of Action for Employment Discrimination On The Basis of Age, Violation of Fair Employment and Housing Act against Defendant UNITED AIRLINES and DOES 1-50)**

151.     Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 150.

152.     Throughout the period that plaintiff was employed by UNITED AIRLINES , UNITED AIRLINES acting through its agents and plaintiff's managers, supervisors, co-workers and others engaged in intentional acts with the intent of discriminating against and harassing plaintiff on account of her age in violation of the provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996)

153.     During the time plaintiff was employed by UNITED AIRLINES she was discriminated against and harassed with respect to the terms, conditions, and privileges of her employment because of her age.  Such discrimination and harassment consisted of, but was not limited to, unfounded complaints made against plaintiff concerning plaintiff's work, retaliation against plaintiff, denial of advancement, transfer, promotions, severance package, retirement package and other benefits, and repeated acts of harassment and discrimination directed at plaintiff which for her created a hostile work environment and which resulted in

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

her termination on or about April 21, 2016. Plaintiff is informed and believes and thereon alleges that she would not have been subjected to this abuse if she were not over the age of 40.

154. During the entire period of plaintiff's employment, plaintiff's work was highly acceptable and satisfactory as repeatedly reported to plaintiff during numerous individual and supervisory meetings during the course of plaintiff's employment.

155. Plaintiff was treated in a disparate manner and subjected to UNITED AIRLINES's unfair policies and practices in that plaintiff was treated unequal and unlike employees outside of plaintiff's protected classifications. Said unfair policies and practices both limited plaintiff in her job classifications, job assignments and other benefits.

156. As a result of UNITED AIRLINES's policies and practices plaintiff was unjustly and discriminatorily deprived of equal employment opportunities because of her age.

157. UNITED AIRLINES 's discriminatory actions against plaintiff, as alleged above, constituted unlawful discrimination in employment on account of age in violation of the Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996).

158. During the aforementioned dates, UNITED AIRLINES also subjected plaintiff to differential treatment. UNITED AIRLINES made its employment decisions related to the imposition of discipline solely on the basis of improper consideration of the employee's age, and completely subjective analysis in willful disregard of leadership qualities, merit, past record, qualification, reaction of other employees etc. No fair and objective standards were used for decisions related to the imposition of discipline. UNITED AIRLINES's decision making process related to discipline was a primary source of discrimination which resulted in an improper denial of advancement opportunities to employees over the age of 40 including plaintiff.

159. As a further proximate result of UNITED AIRLINES 's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body. As a result of such discrimination and consequent harm plaintiff has suffered damages in an amount according to proof.

160. As a proximate result of UNITED AIRLINES 's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, bonuses, deferred compensation and other employment benefits, injuries to plaintiff's protected property interests, general damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession and occupation, the expenses plaintiff has incurred mitigating the conduct of UNITED AIRLINES , and loss of earnings, deferred compensation and other employment benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits, the interest on borrowed money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses, other incidental expenses and other special and general damages. Plaintiff's substantial compensable losses are in amounts not fully ascertained.

161. On or about April 17, 2017, and within one year of the date of the last act of the continuing pattern and practice of discrimination and harassment herein alleged against defendant by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereinafter, "DFEH").

162. On or about April 17, 2017, the DFEH issued to plaintiff a notice of right to bring a civil action against the defendant based on the charge of discrimination filed with the DFEH.

## SIXTH CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Sixth Cause of Action for Age Harassment, Violation of Fair Employment and Housing Act against Defendant UNITED AIRLINES and DOES 1-50)**

163. Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 162.

164. At all times mentioned in this complaint, Government Code sections 12940 et seq. were in full force and effect and were binding on defendants. These sections require defendants to refrain from discriminating against and harassing any employee on the basis of age, among other things. Within the time provided by

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-29-

law, plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right–to–sue letter.

165.    During the course of plaintiff's employment, defendants created and allowed to exist a hostile environment based on age; and defendants discriminated against and harassed plaintiff on the basis of plaintiff's age.  Such discrimination and harassment was in violation of Government Code section 12940 et seq. and the public policy embodied therein, and has resulted in damage and injury to plaintiff as alleged herein.

166.    As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

167.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

<div align="center">

**SEVENTH CAUSE OF ACTION**

**(Plaintiff SAVITA RAJ'S Seventh Cause of Action for Employment Discrimination On The Basis of Gender, Violation of Fair Employment and Housing Act against Defendant UNITED AIRLINES and DOES 1-50)**

</div>

168.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 167.

169.    Throughout the period that plaintiff was employed by UNITED AIRLINES , UNITED AIRLINES acting through its agents and plaintiff's managers, supervisors, co-workers and others engaged in intentional acts with the intent of discriminating against and harassing plaintiff on account of her gender in violation of the provisions of the California Fair Employment and Housing Act (FEHA) (Govt. C. §§12900- 12996)

170.    During the time plaintiff was employed by UNITED AIRLINES she was discriminated against and harassed with respect to the terms, conditions, and privileges of her employment because of her gender. Such discrimination and harassment consisted of, but was not limited to, unfounded complaints made against plaintiff concerning plaintiff's work, retaliation against plaintiff, denial of advancement, transfer, promotions, severance package, retirement package and other benefits, and repeated acts of harassment and

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

1 discrimination directed at plaintiff which for her created a hostile work environment and which resulted in

2 her termination on or about April 21, 2016. Plaintiff is informed and believes and thereon alleges that she

3 would not have been subjected to this abuse if she were not a female.

4 171. During the entire period of plaintiff's employment, plaintiff's work was highly acceptable and

5 satisfactory as repeatedly reported to plaintiff during numerous individual and supervisory meetings during

6 the course of plaintiff's employment.

7 172. Plaintiff was treated in a disparate manner and subjected to UNITED AIRLINES's unfair policies

8 and practices in that plaintiff was treated unequal and unlike employees outside of plaintiff's protected

9 classifications. Said unfair policies and practices both limited plaintiff in her job classifications, job

10 assignments and other benefits.

11 173. As a result of UNITED AIRLINES's policies and practices plaintiff was unjustly and

12 discriminatorily deprived of equal employment opportunities because of her gender.

13 174. UNITED AIRLINES 's discriminatory actions against plaintiff, as alleged above, constituted

14 unlawful discrimination in employment on account of gender in violation of the Fair Employment and

15 Housing Act (FEHA) (Govt. C. §§12900- 12996).

16 175. During the aforementioned dates, UNITED AIRLINES also subjected plaintiff to differential

17 treatment. UNITED AIRLINES made its employment decisions related to the imposition of discipline and

18 termination solely on the basis of improper consideration of the gender of plaintiff, and completely

19 subjective analysis in willful disregard of leadership qualities, merit, past record, qualification, reaction of

20 other employees etc. No fair and objective standards were used for decisions related to the imposition of

21 discipline and termination. UNITED AIRLINES's decision making process related to discipline was a

22 primary source of discrimination which resulted in an improper denial of advancement opportunities to

23 employees of plaintiff's gender.

24 176. As a proximate result of UNITED AIRLINES's discriminatory actions against plaintiff as alleged

25 above, plaintiff has been harmed in that plaintiff has suffered the loss of the wages, salary, benefits, and

26 additional amounts of money plaintiff would have received had she not been terminated. As a result of such

27 discrimination and consequent harm, plaintiff has suffered such damages in an amount according to proof.

28 COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

177.    As a further proximate result of UNITED AIRLINES 's discriminatory actions against plaintiff, as alleged above, plaintiff has been harmed in that plaintiff has suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body.  As a result of such discrimination and consequent harm plaintiff has suffered damages in an amount according to proof.

178.    As a proximate result of UNITED AIRLINES 's discriminatory and harassing actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, bonuses, deferred compensation and other employment benefits, injuries to plaintiff's protected property interests, general damage to plaintiff's reputation, loss due to stigma, injury to plaintiff's property, business, trade, profession and occupation, the expenses plaintiff has incurred mitigating the conduct of UNITED AIRLINES , and loss of earnings, deferred compensation and other employment benefits, the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action, interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits, the interest on borrowed money, the value of plaintiff's time in prosecuting this action, the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses, other incidental expenses and other special and general damages.  Plaintiff's substantial compensable losses are in amounts not fully ascertained.

179.    On or about April 17, 2017, and within one year of the date of the last act of the continuing pattern and practice of discrimination and harassment herein alleged against defendant by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereinafter, "DFEH").

180.    On or about April 17, 2017, the DFEH issued to plaintiff a notice of right to bring a civil action against the defendant based on the charge of discrimination filed with the DFEH.

### EIGHTH CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Eighth Cause of Action for Gender Harassment, Violation of Fair Employment and Housing Act against Defendant UNITED AIRLINES and DOES 1-50)**

181.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

allegations, and each of them, contained in paragraphs 1 through 180.

182.    At all times mentioned in this complaint, Government Code sections 12940 et seq. were in full force and effect and were binding on defendants. These sections require defendants to refrain from discriminating against and harassing any employee on the basis of gender, among other things. Within the time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and Housing, in full compliance with these sections, and received a right–to–sue letter.

183.    During the course of plaintiff's employment, defendants created and allowed to exist a hostile environment based on gender; and defendants discriminated against and harassed plaintiff on the basis of plaintiff's gender. Such discrimination and harassment was in violation of Government Code section 12940 et seq. and the public policy embodied therein, and has resulted in damage and injury to plaintiff as alleged herein.

184.    As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

185.    Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

## NINTH CAUSE OF ACTION

### (Plaintiff SAVITA RAJ'S Ninth Cause of Action for Retaliation against Defendant, UNITED AIRLINES and DOES 1-50)

186.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 185.

187.    During the course of plaintiff's employment with UNITED AIRLINES , she complained to UNITED AIRLINES about UNITED AIRLINES 's managers', supervisors', co-workers' and others' discriminatory and harassing behavior towards her and complained about UNITED AIRLINES 's hostile and offensive environment. UNITED AIRLINES retaliated against plaintiff for making these complaints by subjecting her to adverse employment actions.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-33-

188.   UNITED AIRLINES's treatment of plaintiff was in violation of Government Code section 12940(h). Within the time provided by law, plaintiff filed a complaint with the California Department of Fair Employment and Housing (hereafter, DFEH) against all named defendants and received a right to sue letter.

189.   As a proximate result of UNITED AIRLINES 's retaliatory actions against plaintiff as alleged above, plaintiff has been harmed in that plaintiff has sustained substantial compensable losses, including, but not limited to: losses in earnings, wages, salary, commissions, deferred compensation and other employment benefits; injuries to plaintiff's protected property interests; general damage to plaintiff's reputation; loss due to stigma; injury to plaintiff's property, business, trade, profession and occupation; the expenses plaintiff has incurred mitigating the conduct of UNITED AIRLINES , deferred compensation and other employment benefits; the attorneys' fees and other litigation expenses plaintiff has incurred and will continue to incur in prosecuting this action; interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits; the interest on borrowed money; the value of plaintiff's time in prosecuting this action; the travel expenses plaintiff has incurred and will continue to incur in prosecuting this action; other economic losses; other incidental expenses; and other special and general damages. Plaintiff's substantial compensable losses are in amounts not fully ascertained.

190.   As a further proximate result of UNITED AIRLINES 's retaliatory actions against plaintiff as alleged above and the acts, omissions and conduct of UNITED AIRLINES , plaintiff has suffered, and continues to suffer, embarrassment, mortification, indignity and humiliation and severe physical, mental and emotional distress and discomfort and irreparable injury to her business reputation, all to her detriment and damage in amounts not fully ascertained, and for which plaintiff has been forced to seek personal, medical and related care and treatment and plaintiff has incurred and will continue to incur, expenses therefore.

191.   On or about April 17, 2017 and within one year of the date of the last act of the continuing pattern and practice of discrimination and harassment herein alleged against defendant by plaintiff, plaintiff filed a charge of discrimination with the California Department of Fair Employment and Housing (hereinafter, "DFEH").

192.   On or about April 17, 2017, the DFEH issued to plaintiff a notice of right to bring a civil action against the defendant based on the charge of discrimination filed with the DFEH.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-34-

## TENTH CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Tenth Cause of Action for Violation of Government Code Section 12940(k) against Defendant, UNITED AIRLINES and DOES 1-50)**

193.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 192.

194.    At all times mentioned in this complaint, Government Code section 12940(k) was in full force and effect and was binding on defendants.  This subsection requires defendants to take all reasonable steps necessary to prevent discrimination and harassment from occurring.  As alleged above, defendants violated this subsection by failing to take all reasonable steps necessary to prevent discrimination and harassment from occurring.  Within the time provided by law, plaintiff filed a Complaint with the California Department of Fair Employment and Housing and received a right–to–sue letter.

195.    As a proximate result of defendants' conduct, plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

196.    Plaintiff has incurred and continues to incur legal expenses and attorney fees.  Plaintiff is presently unaware of the precise amount of these expenses and fees and prays leave of court to amend this complaint when the amounts are more fully known.

## ELEVENTH CAUSE OF ACTION

**(Plaintiff SAVITA RAJ'S Eleventh Cause of Action for Wrongful Discharge in Violation of Public Policy against Defendant, UNITED AIRLINES and DOES 1-50)**

197.    Plaintiff refers to, realleges, and incorporates by reference, as though fully set forth herein, the allegations, and each of them, contained in paragraphs 1 through 196.

198.    Plaintiff entered employment with defendants and duly performed all of the conditions of her employment.

199.    At all times mentioned in the complaint, California Constitution Article I Section 8 was in full force and effect and was binding on UNITED AIRLINES.  This section required UNITED AIRLINES to refrain from discriminating against any employee on the basis of sex, race, religious creed, color or national or ethnic origin.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

200.    Plaintiff believes and thereon alleges that her age, sex, race, religious creed, color, disability or national or ethnic origin was a factor in UNITED AIRLINES 's discriminatory and harassing treatment of her which consisted of, but was not limited to unfounded complaints made against Plaintiff concerning Plaintiff's work; harassment of Plaintiff about work related issues, differential treatment of Plaintiff compared to other employees outside of her protected class, retaliation against Plaintiff, denial of advancement, promotions and other benefits and UNITED AIRLINES 's decision to terminate her. Such discrimination is in violation of the public policy of the State of California as reflected in California · Constitution Article I, Section 8, and has resulted in damages and injury to Plaintiff as alleged herein.

201.    UNITED AIRLINES's actions violated the provisions of the Fair Employment and Housing Act (FEHA) (Government Code §§12900-12966).

202.    The actions alleged in Paragraphs 1 – 201 above, specifically the fact that Plaintiff was continually subjected to discrimination and harassment by UNITED AIRLINES  caused Plaintiff to be wrongfully discharged from her employment in violation of public policy.  Plaintiff was in essence effectively discharged in retaliation for attempting to exercise her fundamental right to be free from disability, age, gender and race discrimination and harassment.

WHEREFORE, plaintiff prays for judgment as follows:

1.      Compensatory damages for back pay, according to proof,

2.      Compensatory damages for physical and emotional injuries and accompanying pain and suffering, according to proof,

3.      For medical and related expenses according to proof,

4.      For loss of earnings according to proof,

5.      For compensatory damages for race, age gender and disability discrimination according to proof,

6.      For employment reinstatement,

7.      For reasonable attorney fees, and for costs of suit incurred

8.      For exemplary damages; and

9.      For such other and further relief as the Court may deem proper and just.

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT (VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

## REQUEST FOR JURY TRIAL

Plaintiff SAVITA RAJ requests a trial by jury on all causes of action.

Dated: January 23, 2018,

_____

Michael J. Reed
Attorney for Plaintiff, SAVITA RAJ

(D477.006 ND)

COMPLAINT FOR DAMAGES FOR EMPLOYMENT DISCRIMINATION AND HARASSMENT
(VIOLATION OF FAIR EMPLOYMENT AND HOUSING ACT); AND REQUEST FOR JURY TRIAL

-37-

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Michael J. Reed SBN: 122324
Attorney at Law
60 CreekTree Lane
Alamo, Ca. 94507
TELEPHONE NO.: (925) 743-8353    FAX NO.: (734) 468-6168
ATTORNEY FOR *(Name):* Plaintiff SAVITA RAJ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch of Superior Court Hall of Justice and Rec

**F I L E D**
SAN MATEO COUNTY
JAN 2 8 2018
Clerk of the Superior Court
By
DEPUTY CLERK

CASE NAME:
SAVITA RAJ v. UNITED AIRLINES, INC. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **18CIV00439** JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

18-CIV – 00439
CCSS
Civil Case Cover Sheet
946816

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve      e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☑ monetary    b. ☐ nonmonetary; declaratory or injunctive relief    c. ☐ punitive
4. Number of causes of action *(specify):*  11. FEHA and related employment causes of action
5. This case ☐ is ☑ is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: January 25, 2018
Michael J. Reed
_____
(TYPE OR PRINT NAME)                                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

## NOTICE OF CASE MANAGEMENT CONFERENCE

United Airlines

**ENDORSED FILED**
**SAN MATEO COUNTY**

Case No: **18 C I V 0 0 4 3 9**

vs.

Santa Gay

**JAN 2 9 2018**

Date: **MAY 2 5 2018**

Clerk of the Superior Court
By **MIRNA P. RIVERA-MARTINEZ**
DEPUTY CLERK

Time 9:00 a.m.

Dept. _____  --on Tuesday & Thursday
Dept. **2 1**  --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1.  In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
    a)  Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).
    b)  Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
    c)  File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
    d)  Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2.  If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3.  Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4.  Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10–days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5.  If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6.  You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7.  The Case Management judge will issue orders at the conclusion of the conference that may include:
    a)  Referring parties to voluntary ADR and setting an ADR completion date;
    b)  Dismissing or severing claims or parties;
    c)  Setting a trial date.

8.  The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).*

**FW-003**

## Order on Court Fee Waiver
### (Superior Court)

*Clerk stamps date here when form is filed.*

FILED
SAN MATEO COUNTY
FEB 05 2018
Clerk of the Superior Court
DEPUTY CLERK

**(1) Person who asked the court to waive court fees:**
Name: SAVITA RAJ
Street or mailing address: P.O. Box 13
City: Alamo          State: Ca.    Zip: 94507

**(2) Lawyer, if person in (1) has one** *(name, address, phone number, e-mail, and State Bar number):* Michael J. Reed SBN:122324
Attorney at Law
60 CreekTree Lane; Alamo, Ca. 94507; (925) 743-8353

**(3)** A request to waive court fees was filed on *(date):* _____
☐ The court made a previous fee waiver order in this case on *(date):*

*Read this form carefully. All checked boxes ☑ are court orders.*

*Fill in court name and street address:*
**Superior Court of California, County of**
San Mateo
Southern Branch of Superior Court
400 County Center
Redwood City, CA 94063

*Fill in case number and name:*
**Case Number:** 18CIV00439

**Case Name:**
Savita Raj v.UNITED AIRLINES, Inc

---

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

---

**(4)** After reviewing your: ☐ *Request to Waive Court Fees*    ☐ *Request to Waive Additional Court Fees*
*the court makes the following orders:*

a. ☑ The court **grants** your request, as follows:

(1) ☑ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

- Filing papers in Superior Court
- Making copies and certifying copies
- Sheriff's fee to give notice
- Court fee for phone hearing
- Reporter's fee for attendance at hearing or trial, if reporter provided by the court
- Assessment for court investigations under Probate Code section 1513, 1826, or 1851
- Preparing, certifying, copying, and sending the clerk's transcript on appeal
- Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
- Making a transcript or copy of an official electronic recording under rule 8.835

- Giving notice and certificates
- Sending papers to another court department
- Court-appointed interpreter in small claims court

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Other *(specify):* _____

☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

18—CIV—00439
FWO
Fee Waiver Granted
980761

Judicial Council of California, *www.courts.ca.gov*
Revised July 1, 2015, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52
**Order on Court Fee Waiver (Superior Court)**          FW-003, Page 1 of 2

Your name: _____

| Case Number: |
|---|
|  |

**b.** ☐ The court **denies** your fee waiver request, as follows:

> **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed.

(1) ☐ The court **denies** your request because it is incomplete. You have **10 days** after the clerk gives notice of this order (see date of service on next page) to:
- Pay your fees and costs, or
- File a new revised request that includes the items listed below *(specify incomplete items):*

_____

(2) ☐ The court **denies** your request because the information you provided on the request shows that you are not eligible for the fee waiver you requested *(specify reasons):* _____

_____
_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court),* form FW-006. You have **10 days** after the clerk gives notice of this order (see date of service below) to:
- Pay your fees and costs in full or the amount listed in c. below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

**c.** ☐ The court needs more information to decide whether to grant your request. You must go to court on the date below. The hearing will be about *(specify questions regarding eligibility):*

_____
_____

☐ Bring the following proof to support your request if reasonably available:

_____

Name and address of court if different from above:

| Hearing Date → | Date: _____ | Time: _____ | _____ |
|---|---|---|---|
| | Dept.: _____ | Room: _____ | _____ |

> **Warning!** If item c is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

Date: _____ FEB 2 2018 _____     Signature of (check one): ☐ Judicial Officer   ☐ Clerk, Deputy

**Request for Accommodations.** Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least 5 days before your hearing. Contact the clerk's office for *Request for Accommodation,* Form MC-410. (Civil Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one):*   ☐ A certificate of mailing is attached.

☐ I handed a copy of this order to the party and attorney, if any, listed in ① and ② at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* Redwood City _____ , California on the date below.

Date: _____ FEB 0 5 2018 _____     Clerk, by _____ , Deputy

**This is a Court Order.**

# EXHIBIT C

TRACY THOMPSON (State Bar No. 88173)
WILLIAM DAVID (State Bar No. 302016)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone:    (415) 276-6500
Facsimile:    (415) 276-6599
Email:        tracythompson@dwt.com
              willdavid@dwt.com

Attorneys for Defendant
UNITED AIRLINES, INC.

**ENDORSED FILED**
SAN MATEO COUNTY

MAR 2 0 2018

Clerk of the Superior Court
By ____UNA FINAU____
DEPUTY CLERK

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| SAVITA RAJ,<br><br>                           Plaintiff,<br><br>        vs.<br><br>UNITED AIRLINES, INC., and DOES 1-50,<br><br>                           Defendants. | Case No. **18CIV00439**<br><br>**DEFENDANT'S ANSWER TO**<br>**PLAINTIFF'S UNVERIFIED COMPLAINT**<br><br>Complaint Filed:        January 29, 2018<br><br>**BY FAX** |

*DAVIS WRIGHT TREMAINE LLP*

Defendant United Airlines, Inc. answers the unverified Complaint for Damages ("Complaint") filed by Plaintiff Savita Raj as follows:

**GENERAL DENIAL**

1.      Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies, generally and specifically, each and every allegation in the Complaint, and also denies that it is liable to Plaintiff in any way.

2.      Defendant denies that Plaintiff has sustained any injury, damages, or loss by reason of any act or omission on the part of Defendant, and specifically denies that Plaintiff suffered any of the damages she alleged in the Complaint.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

3.    Defendant denies that Plaintiff is entitled to any relief against Defendant on any ground whatsoever, and denies that Plaintiff is entitled to damages against Defendant in any amount.

### AFFIRMATIVE AND OTHER DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State Cause of Action)

4.    The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action or to state a claim upon which relief may be granted.

#### SECOND AFFIRMATIVE DEFENSE

#### (Failure to Exhaust Administrative)

5.    Plaintiff is precluded from asserting some or all of her claims to the extent that Plaintiff has failed to satisfy and exhaust the administrative remedies and prerequisites for bringing such claims.

#### THIRD AFFIRMATIVE DEFENSE

#### (Collective Bargaining Remedies)

6.    Plaintiff is precluded from asserting some or all of her claims to the extent that Plaintiff has failed to satisfy and exhaust the applicable collective bargaining remedies.

#### FOURTH AFFIRMATIVE DEFENSE

#### (Preemption: Collective Bargaining Agreement)

7.    The Complaint, and each and every cause of action therein, is barred because the grievance and arbitration provisions of the collective bargaining agreement constitute the exclusive procedure for resolution of some or all of the claims alleged in the Complaint.

#### FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Mitigate)

8.    While Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has suffered legally cognizable damages, such damages must be

DAVIS WRIGHT TREMAINE LLP

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1 | reduced or denied in their entirety to the extent that Plaintiff has failed to take reasonable action
2 | to mitigate or minimize her alleged damages.

### SIXTH AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

9.      The claims alleged in the Complaint are  barred, in whole or in part, by the applicable statute(s) of limitations, including, without limitation, California Code of Civil Procedure Section § 340(c) and California Government Code §§ 12960(d) and 12965(b).

### SEVENTH AFFIRMATIVE DEFENSE

#### (Exclusivity of Workers' Compensation)

10.     To the extent that Plaintiff's Complaint or any cause of action alleged therein alleges emotional distress and/or physical injury arising out of her employment, any recovery is barred in whole or in part on the ground that the Workers' Compensation Act, California Labor Code section 3200, *et seq.*, provides the exclusive remedy for said injuries and, as such, the Court lacks jurisdiction to hear such claims.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Good Faith/Business Judgment)

11.     The Complaint, and each and every cause of action therein, is barred because the acts or omissions of Defendant at all times relevant were in good faith, in the exercise of its reasonable business judgment, for good cause, and for legitimate business purposes and/or necessity, and therefore, privileged.

### NINTH AFFIRMATIVE DEFENSE

#### (Failure to Engage in Good Faith Interactive Process)

12.     Plaintiff's claims are barred because Plaintiff herself failed to cooperate in a good faith interactive process.

### TENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

13.     The Complaint, and each and every purported cause of action therein, is barred in whole or in part because Plaintiff acted with unclean hands.

DAVIS WRIGHT TREMAINE LLP

3                    Case No. 18CIV00439

<div align="right">DAVIS WRIGHT TREMAINE LLP</div>

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fault of Plaintiff and/or Third Parties)

14.    If Plaintiff sustained any damages, which Defendant denies, such damages were proximately caused or contributed to, in whole or in part, by the acts, omissions, culpable conduct, lack of due diligence, negligence, misconduct, and/or bad faith of Plaintiff and/or third parties, or Plaintiff and/or third parties otherwise were at fault.  Plaintiff is therefore not entitled to any relief under the Complaint or under any cause of action purported to be alleged against Defendant therein, or Plaintiff's recovery, if any, should thereby be reduced in proportion to Plaintiff's fault, or the fault of third parties.

## TWELFTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

15.    The Complaint, and each and every cause of action therein, is barred to the extent that Defendant has discovered facts, or may later discover facts, which, if known to Defendant prior to Plaintiff's termination of employment, would have created additional grounds or bases for Defendant's decision to termination Plaintiff's employment.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

16.    Plaintiff's claims are preempted by the Railway Labor Act, 45 U.S.C. section 151 *et seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Undue Hardship – Failure to Accommodate and Failure to Engage in Interactive Process)

17.    Any claims for failure to accommodate and failure to engage in interactive process are barred because no reasonable accommodation was possible without undue hardship to Defendants.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unable to Perform Essential Duties – Failure to Accommodate and

### Failure to Engage in Interactive Process)

18.     Any claims for failure to accommodate and failure to engage in interactive process are barred because there was no other job position available for which Plaintiff was qualified and capable of performing with or without accommodation.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Inadequate Request for Reasonable Accommodation – Failure to Accommodate and

### Failure to Engage in Interactive Process)

19.     Any claims for failure to accommodate and failure to engage in interactive process are barred because Plaintiff did not adequately request reasonable accommodation for Plaintiff's alleged disability, did not provide adequate documentation showing the need for reasonable accommodation for Plaintiff's alleged disability, and otherwise failed to cooperate in the interactive process that may have been required.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

20.     Any injuries or damages allegedly suffered by Plaintiff were not proximately caused by any acts or omissions of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Other Factors / Mixed-Motive)

21.     Even if Plaintiff could prove that an illegal motive was a factor in any employment action by Defendant -- although such is not hereby admitted and is specifically denied -- there were other legitimate factors that motivated the action. Defendant asserts that it would have taken the same action with respect to Plaintiff in the absence of any impermissible motivating factors.

DAVIS WRIGHT TREMAINE LLP

<div style="text-align:right">DAVIS WRIGHT TREMAINE LLP</div>

## NINETEENTH AFFIRMATIVE DEFENSE

### (Legitimate Business Reasons)

22. All actions taken by Defendant with respect to Plaintiff were, at all times relevant to this action, taken in good faith for legitimate non-discriminatory and/or non-retaliatory reasons and without any intent to discriminate against or injure Plaintiff in any manner prohibited by law, including, without limitation, the California Fair Employment and Housing Act, California Government Code § 12940, *et seq.*

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Perception or Knowledge of Disability)

23. The Complaint, and each and every cause of action therein, is barred because Defendant did not perceive that Plaintiff had a disability and/or lacked knowledge of Plaintiff's alleged disability.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Doctrine of Avoidable Consequences)

24. Plaintiff is barred from recovering under the Complaint, and in particular under Plaintiff's sixth cause of action, in whole or in part, by operation of the doctrine of avoidable consequences, which does not permit an employee to obtain relief for damages arising from alleged harassment that Plaintiff could have avoided with reasonable effort or expenditure.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Public Policy Violated)

25. The eleventh cause of action is barred because Defendant's conduct did not violate any established public policy.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (No Protected Activity)

26. The Complaint, and each and every cause of action therein, is barred in whole or in part because Plaintiff did not engage in any protected activity.

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

DAVIS WRIGHT TREMAINE LLP

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (No Knowledge of Protected Activity)

27.     The Complaint, and each and every cause of action therein, is barred in whole or in part because, even assuming *arguendo* that Plaintiff engaged in protected activity, Defendant was not aware that Plaintiff engaged in any protected activity.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (No Protected Internal Complaints)

28.     The Complaint, and each and every cause of action therein, is barred in whole or in part because Plaintiff's internal complaints, if any, were related to non-actionable internal personnel matters and were not related to violations or any statute, rule, or regulation.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Punitive Damages Unconstitutional)

29.     Plaintiff is precluded from recovering punitive damages, either in whole or in part, from Defendant, under the applicable provisions of law, including, but not limited to the United States Constitution and the California Constitution.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Waiver/Estoppel)

30.     The Complaint, and each and every cause of action therein, is barred by the equitable doctrines of waiver and estoppel.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Additional Affirmative Defenses)

31.     Defendant presently has insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative and other defenses available.  Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates that they would be appropriate.

1

## **PRAYER**

2      WHEREFORE, Defendant Prays:

3      1.      That Plaintiff take nothing by way of her Complaint;

4      2.      That the Complaint be dismissed with prejudice and judgment entered in favor of

5              Defendant and against Plaintiff;

6      3.      That Defendant be awarded its costs of suit;

7      4.      That Defendant be awarded attorneys' fees pursuant to statute and/or contract; and

8      5.      That Defendant receives such other relief as the Court may deem just and proper.

9

10     DATED:  March 20, 2018                    Davis Wright Tremaine LLP

11

12                                              By:  _____

13                                                    Tracy Thompson
                                                      William David
14                                                    Attorneys for Defendant
                                                      UNITED AIRLINES, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DAVIS WRIGHT TREMAINE LLP

8                         Case No. 18CIV00439
DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1

## PROOF OF SERVICE

2     I am a resident of the State of California, over the age of eighteen years, and not a party

3 to the within action.  My business address is David Wright Tremaine LLP, 505 Montgomery

4 Street, Suite 800, San Francisco, CA   94111.   On March 20, 2018, I served the within

5 document(s):

6     **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

7 ☑   MAIL - by placing the document(s) listed above in a sealed envelope with postage
    thereon fully prepaid, in the United States mail at San Francisco, California addressed
8     as set forth below.

9 ☐   PERSONAL SERVICE - by causing personal delivery of the document(s) listed
    above to the person(s) at the address(es) set forth below.
10

☐   OVERNIGHT COURIER – by placing the document(s) listed above in a sealed
11     envelope with shipping prepaid, and depositing in a collection box for next day
    delivery to the person(s) at the address(es) set forth below via Federal Express.
12

13     Michael J. Reed, Esq.                       Attorney for Plaintiff SAVITA RAJ
    Attorney at Law
14     60 Creek Tree Lane
    Alamo, CA  94507
15     Tel:  (925) 743-8353

16

17     I am readily familiar with the firm's practice of collection and processing correspondence

18 for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same

19 day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on

20 motion of the party served, service is presumed invalid if postal cancellation date or postage

21 meter date is more than one day after date of deposit for mailing in affidavit.

22     I declare under penalty of perjury under the laws of the State of California that the above

23 is true and correct. Executed on March 20, 2018 at San Francisco, California.

24

25                             Amanda L. Henderson

26

27

28

DAVIS WRIGHT TREMAINE LLP

# EXHIBIT D

TRACY THOMPSON (State Bar No. 88173)
WILLIAM DAVID (State Bar No. 302016)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile: (415) 276-6599
Email:     tracythompson@dwt.com
           willdavid@dwt.com

Attorneys for Defendant
UNITED AIRLINES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| SAVITA RAJ,<br><br>                  Plaintiff,<br><br>vs.<br><br>UNITED AIRLINES, INC., and DOES 1-50,<br><br>                  Defendants. | Case No.<br><br>**DECLARATION OF DOROTA KARPIERZ IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL OF ACTION** |

I, Dorota Karpierz, declare as follows:

1.     I am over 18 years of age and currently employed by Defendant United Airlines, Inc. ("United") as Case Manager in the Labor and Employment Division of United's Legal Department. I have been employed by United since August 10, 1998 and became Case Manager in August 2011. My job duties and responsibilities as Case Manger include reviewing and managing case files involving former and current employees of United. Based on my review of United's records, I submit this declaration in support of Defendant's Notice of

1

DAVIS WRIGHT TREMAINE LLP

1  Removal of Action.  Unless otherwise stated, I have personal knowledge of all of
2  the matters stated herein and, if called and sworn as a witness, I could and would
3  competently testify as set forth herein.

4  　　　2.　　　As Case Manager, I am familiar with Defendant's business
5  organization, business operations and business activities.

6  　　　3.　　　Defendant United is a Delaware corporation, organized under the laws
7  of the State of Delaware, and was so organized as of January 29, 2018, the date the
8  Complaint in this action was filed.  Defendant has never been incorporated under
9  the laws of the State of California.  Defendant's principal place of business is
10  currently, and was as of January 29, 2018, in Chicago, Illinois.  Defendant's
11  corporate headquarters are located at 233 S. Wacker Drive, Chicago, Illinois
12  60606, which is where its senior executives (including Defendant's officers,
13  directors, General Counsel, and Executive Vice President of Human Resources) are
14  based, where Defendant's exercise control over its businesses, where all decisions
15  relevant to Defendant's business activities in the United States are made, directed,
16  controlled and/or coordinated, and where it performs the vast majority of its
17  executive and administrative functions.  All resolutions of Defendant's Boards of
18  Directors, including resolutions regarding critical corporate decisions, are adopted
19  and signed in Illinois.

20  　　　4.　　　Based on my review of United's records, Savita Raj's annual rate of
21  pay was approximately $76,000 at the time of her discharge in April of 2016.  The
22  back wages claimed by Raj in this lawsuit for the period April 21, 2016 (the time
23  of discharge) through March 2018 (when these removal papers are being filed) are
24  thus approximately $140,000.  In addition, as an employee of United, Raj was
25  provided with various health and wellness benefits, including a medical plan,
26  dental plan, and life and personal accident insurance plans.  The assumed average
27  company-sponsored value of these benefits from May 2016 (when Plaintiff's
28  benefits terminated) through March 2018, assuming that the Plaintiff would have

DAVIS WRIGHT TREMAINE LLP

1  continued to elect the same plans and only covered herself, would have been

2  $13,439 for similarly-situated employees.

3      5.    Based on my review of United's records, Raj was accruing but not yet

4  eligible at the time of her termination to receive pension benefits from United.

5  Assuming Plaintiff remained in active status and was not terminated from United

6  until March 2018, the estimated value of her pension benefit should she have

7  elected to take a distribution of that benefit in April 2018, would have been

8  approximately $9,300.

9      6.    Based on my review of United's records, Raj was also eligible to

10  participate in United's 401(k) plan.  From April 2016 through December 4, 2016,

11  Plaintiff would have been eligible to receive 5% of her eligible earnings as a direct

12  contribution to her 401(k) account.  However, beginning December 5, 2016,

13  Plaintiff would have only been eligible for matching contributions from United of

14  3% of her eligible earnings, provided that she contributed 6% of her eligible

15  earnings to her 401(k) account.  Assuming Plaintiff contributed 6% of her eligible

16  earnings to her 401(k) account, the estimated total value of her missed employer

17  contribution to the 401(k) plan from her termination date until March 2018 is

18  approximately $5,200.

19      I declare under penalty of perjury under the laws of the United States of

20  America and the State of California that the foregoing is true and correct.

21      Executed this 20th day of March 2018, at Chicago, Illinois.

22

23

24  _____
          Dorota Karpierz

25

26

27

28

*DAVIS WRIGHT TREMAINE LLP*

3

DECLARATION OF DOROTA KARPIERZ IN SUPPORT OF
NOTICE OF REMOVAL OF ACTION